————o————

STATE OF MISSOURI, Respondent, *vs.* JOHN W. ARNOLD, Appellant.

1. *Evidence—Married woman—Declarations of—Testimony concerning.*—As to matters, touching which a married woman is an incompetent witness, testimony concerning her declarations is inadmissible.

2. *Criminal law—Guardian—"Other persons"—Defiling girl under eighteen—Construction of Statute.*—In a prosecution under the statute (Wagn. Stat., p. 500,

§91) for defiling a girl under eighteen years of age, *held*, that mere permission given her to help the prisoner plant corn was not confiding her to his care and protection within the meaning of the law. The statute contemplated that the "other person." should stand in a position similar to that of a guardian, not necessarily that of legal protector, but in an attitude of special trust, care and supervision.

*Appeal from Franklin Circuit Court.*

*Seay & Kiskaddon,* for Appellant.

*H. Clay Ewing,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted and convicted for defiling a female under the age of eighteen years, who it was alleged, was confided to his care under the statute (1 Wagn. Stat., 500, § 9), which provides, "If any guardian of any female under the age of eighteen years, or any other person to whose care or protection any such female shall have been confided, shall defile her by carnally knowing her," he shall be punished, &c. A technical objection has been urged against the indictment, but it is, perhaps, substantially sufficient after verdict, under the very liberal system prevailing with us in reference to practice in criminal cases. (2 Wagn. Stat., 1090, § 27.) But we are of the opinion, however, that the judgment must be reversed, because the court erred in admitting illegal testimony, and because there was a total want of testimony to sustain the verdict.

The only evidence of any importance, given on behalf of the State, was that of the female—who, it appears, was defiled—and that of her father. By this evidence, it is shown, that the girl was the sister-in-law of the defendant. She testified that on the 11th day of May, 1871, her sister, defendant's wife, came to her father's house and told her father, that defendant wanted him to let her go over to defendant's and help him plant corn that day; that her father gave his consent, and that she accordingly went, and that whilst assisting that day in corn planting, defendant had carnal knowledge of her. The evidence of the father corroborated that of the girl, and was of the same import.

State v. Arnold.

There was an objection interposed against admitting testimony as to what defendant's wife said, but this objection was overruled. Nothing is clearer than that it is incompetent for the wife to give evidence against the husband, except in the case where she is the immediate prosecutrix for some injury threatened or done to her person. If she herself is not a competent witness, it follows, that her declarations as to what her husband said must also be inadmissible.

Allowing the girl to go and work for the defendant in helping him to plant corn, was not confiding her to his care and protection, within the meaning of the statute. The statute declares, that if any guardian of a female or other person, to whose care and protection she shall have been confided, shall commit the offense, he shall be punished, &c. The guardian is specifically named, and then any other person to whose care and protection the female is confided is mentioned. The statute here certainly contemplated, that the other person alluded to, should occupy a position similar to that of guardian, or stand in some attitude in which a peculiar or confidential trust was reposed. It would not be necessary that he should be the legal protector of the female, but it would be necessary that she should have been committed to his especial care, with the expectation that he should exercise a supervision over her. The defendant stood in no such attitude. The female was allowed to go and assist him in laboring for one day, but there is no evidence that she was specially confided to his protection and care, as designed by the statute. However immoral and reprehensible his conduct may have been, there was no evidence to convict him according to the provisions of the statute, under which he was indicted. The instructions, therefore, asked by the defendant should have been given.

The result is, the judgment must be reversed and the cause remanded. The other judges concur.