The State v. Willis.

---

THE STATE v. WILLIS, *Appellant.*

Division Two, January 31, 1894.

Criminal Practice: HUSBAND AND WIFE: WITNESS. A wife is incompetent to testify against the husband on trial for uttering a forged instrument, except with his consent.

*Appeal from Lafayette Circuit Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED AND REMANDED.

*U. G. Phetzing* for appellant.

Defendant was convicted upon the testimony of his wife which is the principal error complained of. He objected to this testimony and duly saved his exceptions. R. S. 1889, sec. 4218; *State v. Berlin*, 42 Mo. 572; *State v. Potter*, 108 Mo. 424; Kelley's Criminal Law and Practice, sec. 258.

The State v. Willis.

*R. F. Walker*, Attorney General, and *Wm. Aull*, Prosecuting Attorney, for the state.

(1) The wife of the defendant was a competent witness because of the necessity of the case. *Stein v. Bowmen*, 13 Pet. (U. S.) 221; 1 Hale's P. C., 301; 1 Bl. Com. 413; *State v. Neil*, 6 Ala. 685; *Goodwin v. State*, 60 Ga. 509; *State v. Bennett*, 31 Iowa, 24; *State v. Dyer*, 59 Me. 303; *Turner v. State*, 50 Miss 351; *People v. Chegray*, 78 Wend. (N. Y.) 642; *State v. Parrot*, 79 N. C. 615; *Whipp v. State*, 34 Ohio St. 87. The relation of husband and wife does not authorize criminal conduct of one toward the other. 9 Am. and Eng. Encyclopedia, 796. There has been no express or implied exclusion where they are opposing parties. *Moore v. Moore*, 51 Mo. 118; *Berlin v. Berlin*, 52 Mo. 151. Exceptions to the general rule are always allowed for the sake of public justice, and wherever public necessity requires it. *State v. Newberry*, 43 Mo. 433; *Moore v. Moore*, 51 Mo. 119; 2 Grlf. Ev. 343; 1 Ph. Ev. (C. & H. notes), 94, 95; 2 Stark. Ev., 403, 404; 2 Bright H. & W., sec. 42.

BURGESS, J.—At the March term, 1893, of the criminal court of Lafayette county, the defendant was convicted of uttering and publishing as true and genuine a certain promissory note for $65, which purported to have been signed by himself and his wife Adeline Willis, and attested by one Abraham Hobson. His punishment was fixed at two years' imprisonment in the penitentiary. The case is here on his appeal.

The facts are as follows:

During the month of April, 1892, David Mitchell sold to the defendant a horse at $65; for and in consideration, and in payment for the horse, the defendant

delivered to Mitchell a certain promissory note, purporting to be of the value of $65, and to have been signed by David Willis (defendant), Adeline Willis (his wife), and attested by Abraham Hobson; that the signatures of Adeline Willis and Abraham Hobson were made by their marks; which note Mitchell accepted in payment of the horse.   Defendant and his wife were not living together at the time; she having moved into Johnson county.   Hobson testified that he neither wrote nor authorized anybody to write his name to the note as a witness; that defendant told him that he had bought the horse and paid for it; and that he did not owe a nickel on the horse.

Adeline Willis (wife of the defendant), testified over the objection of the defendant, that she did not sign the note in question, nor authorize anybody to sign it for her.   Defendant testified that he mailed the the note to his wife at Holden, Missouri, and requested her to sign it with him; that in a few days thereafter he received the note by mail from his wife; that when he received it, it bore the signatures of his wife and the witness Hobson; that he delivered the note to Mr. Mitchell in payment for the horse.

There is but one single point in the case presented for our consideration, and that is the action of the trial court in permitting the wife of defendant to testify against him over his objections.

At common law the rule was that a husband and wife could not testify for or against each other, in any legal proceeding in which the other was a party, or which involved the other's pecuniary interest, except in the prosecution of the one for criminal injury to the other, as for assault and battery, rape by some other person assisted by the husband, shooting and forcible abduction.   *Whip v. State*, 34 Ohio St. 87; 1 Greenleaf on Ev., sec. 334.

It was said by this court in the case of *State v. Arnold*, 55 Mo. 89, that "nothing is clearer than that it is incompetent for the wife to give evidence against the husband, except in the case where she is the immediate prosecutrix for some injury threatened or done to her person." The reason of the rule is because the husband and wife are regarded in law as one person; to allow one to testify against the other would be to subject him or her to great temptation to commit perjury, and would endanger the harmony and confidence of the marriage relation. As was said in *Turpin v. State*, 55 Md. 477: "The incompetency of a husband or wife to testify for or against each other in a criminal prosecution at common law arose not from interest in the result of the suit, but was based upon considerations of public policy, growing out of the marital relation."

The common law rule has been changed by statute in this state so that husband and wife may testify against each other in a suit between them for divorce. R. S. 1889, sec. 8918; *Moore v. Moore*, 51 Mo. 118.

But there has been no change of the common law rule in this state by legislative enactment by which the wife is made a competent witness against the husband, and against his consent, in a criminal prosecution of this kind. By section 4218, Revised Statutes, 1889, the common law rule has been so far changed as to make the wife or husband a competent witness for the other when on trial for a criminal offense at his or her discretion; but it is expressly provided by that section: "That no person on trial or examination, nor wife or husband of such person, shall be required to testify, but any such person may at the *option* of the defendant testify in his behalf, or on behalf of a codefendant," etc. It will thus be seen that both at common law and under the statute the wife of defendant was clearly incompetent as a witness on the trial of this cause,

unless called by the husband, and that the court committed error in permitting her to testify against him over his objections.

The judgment must be reversed and cause remanded, and it is so ordered. All of this division concur.