### In re FOWLER.

#### (District Court, W. D. Wisconsin. April 12, 1899.)

#### No. 41.

BANKRUPTCY—EXAMINATION OF WITNESSES—WIFE OF BANKRUPT.
Where, by the law of the state in which the proceedings are had, a wife cannot be a witness for or against her husband, she cannot be required, in proceedings in bankruptcy against the husband, to testify concerning property in her possession alleged to have been conveyed to her in fraud of the bankrupt's creditors. The trustee in bankruptcy, seeking to recover such property, should proceed by bill of discovery against the wife.

In Bankruptcy.

Reed & Reed, for bankrupt.
Ross, Dwyer & Hanitch, for creditors.

BUNN, District Judge. Theodore M. Thorson, the referee in bankruptcy to whom the above cause was referred, has certified to this court the following questions, which he says arose pertinent to the said proceedings; the creditors claiming that the wife of the bankrupt holds property in her possession, and under her control, which she has, directly or indirectly, obtained from her husband, and with her husband's money, in fraud of creditors and the particular creditor raising the question: First. May the wife be compelled to testify as to such property, and as to how she acquired it, and as to how she holds it? Second. May the wife be compelled to testify to any facts or transactions to which she was not a party or witness, or compelled to testify to mere confessions or admissions of the husband in regard to his dealings with third persons?

In answer to these questions, it may be observed that, by the bankrupt act of 1867 (section 5088, Rev. St. U. S.), for good cause shown, the wife of any bankrupt might be required to attend before the court, to the end that she might be examined as a witness; and, if she did not attend at the time and place specified in the order, the bankrupt should not be entitled to a discharge, unless he proved to the satisfaction of the court that he was unable to procure her attendance. This provision is omitted in the new bankrupt law, and there is no provision whatever requiring or permitting a wife to attend as a witness either

93 F.—27

for or against her husband in any bankruptcy proceeding, and by the laws of the state of Wisconsin, where these proceedings are had, she could not be a witness either for or against her husband. I am of opinion that the proper way to reach property in the hands of the wife which it is charged was fraudulently conveyed to the wife by the husband would be by bill of discovery brought by the trustee. If such a bill were brought against the wife, there can be little doubt that she might be then compelled to testify. She would then be a party to the suit. She would not be testifying in a suit either for or against her husband in that case, but would be testifying for or against herself; and, by the law of the state, a party to any suit may testify in his own behalf, or may be compelled to testify against himself. But, in an ordinary bankruptcy proceeding, the wife is not a party in any sense, and I know of no rule by which she can be required to testify, or be permitted to·testify, either for or against her husband. If the creditors think fit, they can have suit instituted by the trustee against the wife of the bankrupt for a discovery of property in her hands belonging to the bankrupt, or fraudulently conveyed to her.