LENA MAGET, Respondent, v. WILLIAM MAGET, Appellant.

### Kansas City Court of Appeals, June 11, 1900.

1. **Witnesses:** HUSBAND AND WIFE: CONVERSATION BE-
   TWEEN. A wife is incompetent to testify to admissions made to her by her husband or to conversations between them or acts done by either in connection with such conversation.

2. ———: ———: PUBLIC POLICY: NECESSITY. A wife is ex-
   cluded as a witness from motives of public policy, but when necessity for her testimony overbalances public policy she is competent.

3. ———: ———: ———: ———: DIVORCE. In a divorce proceed-
   ing based on cruel treatment growing out of marital excesses by the husband, the wife is, *ex necessitate rei* and for her own protection, a competent witness as to the husband's treatment in that regard.

4. **Divorce:** WITNESS: CORROBORATION. While husband and wife are competent witnesses a divorce should rarely be granted without some corroborative evidence, but there is no inflexible rule in this state precluding the granting of a divorce upon such testi-
   mony.

5. ———: APPELLATE PRACTICE: CONFLICTING EVIDENCE:
   DEFERRING TO TRIAL COURT. While appellate courts review the evidence in divorce cases they defer largely to the findings of the trial court when the evidence is conflicting.

6. ———: CRUEL TREATMENT: EXCESSES OF LAWFUL ACTS. Cruel treatment warranting a divorce must be dangerous to life, limb or health but need not be accompanied by actual physical vio-'lence; and acts *per se* lawful and harmless may by excessive indulgence become such as to endanger health and authorize a divorce.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James*, Judge.

AFFIRMED.

*Crow & Eastin* and *Thomas J. Porter* for appellants.

(1) Conversations between husband and wife are not admissible in evidence. Brown v. Brown, 53 Mo. App. 453; Ayers v. Ayers, 28 Mo. App. 97; Miller v. Miller, 14 Mo. App. 418. (2) Divorce must be granted, if at all, on the facts existing at the time the suit was instituted. Dwyer v. Dwyer, 26 Mo. App. 647. (3) Defendant could only learn that sexual intercourse was injurious to plaintiff by a communication from plaintiff to defendant. This communication is not admissible in evidence the intercourse being lawful. Holman v. Bachus, 73 Mo. 49; McFadin v. Catron, 120 Mo. 274; Brandon v. Dawson, 51 Mo. App. 237; Herndon v. Triple Alliance, 45 Mo. App. 426. (4) The granting of a divorce is against the interest of the state and of society, and the courts should see to it that the complainant sustains the charges by a clear preponderance of evidence. Mahn v. Mahn, 70 Mo. App. 337. (5) The court will render such judgment as should have been rendered by the trial court, after reviewing the evidence. Grove v. Grove, 79 Mo. App. 148.

*Nichols & Pistole*, and *Sam'l S. Shull* for respondent. No brief.

SMITH, P. J.—The plaintiff claims that she is entitled to a divorce on the grounds (1), that the defendant had been

guilty of such cruel treatment as to endanger her life, and (2), that he had offered her such indignities as to render her condition intolerable. Under the first of the above substantive charges it was alleged that the defendant had grossly abused his marital rights by reason of which the plaintiff's health was greatly impaired, etc. During the progress of the trial the plaintiff was introduced as a witness in her own behalf, and over the objections of the defendant was permitted to testify to the acts constituting the abuse complained of, and to certain protests and declarations made by her to him at the time; that when she would protest that his excesses were more than she could endure, and that he was thereby injuriously affecting her general health, he would say there was nothing of it and not to say anything more about it, and that on one occasion when she declined to submit herself to the gratification of his insatiable lust he became very angry and struck her a violent blow on the back.

The question now is, whether the plaintiff was a competent witness to give the testimony to which we have just referred. Section 8922, Revised Statutes 1889, after enumerating the cases in which a married woman shall not be disqualified as a witness in any civil suit, provides that "nothing in this section shall be construed to authorize or permit any married woman, while the relation exists or subsequently, to testify to any admission or conversation of her husband, whether made to herself or to third parties." Holman v. Bachus, 73 Mo. 49, was an action on a note executed to the plaintiff's testator. The defense pleaded was payment. The defendant introduced as a witness the widow of a deceased maker of the note, who testified that during the lifetime of her husband the holder of the note came to the former's house where he made a calculation on the note, which he did not have with him, and told the former that the balance due thereon was about $50; that he was in need

Maget v. Maget.

of that amount and if it were more than was due he would refund it; that her husband paid the $50 to the holder, who promised to send the note when he returned home. The court, in passing upon the question of the competency of the wife as a witness, said that even if the witness was competent to testify to the single act of the payment of a sum of money to her husband, accompanied with no conversation, which it did not determine, there the act was connected with a conversation respecting it, and as the statute expressly prohibits her from testifying to that conversation, she could not, on general principles, testify to an act which that conversation might explain, and attach to it a significance very different from its import without such explanation; otherwise gross injustice might be done the other party by permitting the act to be proved, and excluding the conversation in relation to the act. McFadin v. Catron, 120 Mo. 274; Moore v. Moore, 51 Mo. 118; Herndon v. Alliance, 45 Mo. App. 426; Brandon v. Dawson, 51 Mo. App. 237. It is thus seen that the general rule in this state is that the wife is incompetent to testify to any admission made to her by her husband, or, to any conversation between them, or, to any act done by either in connection with such admissions or conversation. It is clear that when tested by this rule the plaintiff was incompetent, and unless her competency is recognized by some exception to this rule the action of the court in permitting her to testify was error.

A married woman is excluded as a witness from motives of public policy. Lucas v. Brooks, 18 Wall. 453. "Whenever, therefore, the policy or necessity of admitting her as a witness against her husband is sufficiently strong to overbalance the principle of public policy, upon which the general rule of exclusion is based, she ought to be received as a witness." People v. Mercein, 8 Paige 47. In Sauter v. Scrutchfield, 28 Mo. App. 150, one of the issues was whether

the wife had been supplied with the necessaries of life by her husband, and it was held that a case of that kind should form one of the exceptions to the general rule excluding the wife from being a witness for or against the husband. The fact that she had not been supplied with the necessaries of life was a matter peculiarly within her own knowledge, and in the privacy of domestic life is generally unknown to others. In Bach v. Parmely, 35 Wis. 238, it was said: "If the wife were not competent to testify in such case, it would often, and probably in a majority of instances, happen that proof of the facts and circumstances attending her expulsion and showing that she was driven from her home by the cruelty and misbehavior of her husband, could be given; and the result would be that no means would exist of enforcing that duty which the law imposes upon the husband to pay for the necessaries furnished to the wife thus driven homeless and starving into the world. * * * In general, the wife is debarred from being a witness for or against her husband, but to this rule there are exceptions at law as well as in equity * * * where, from the nature of the inquiry, the information to be expected is peculiarly within the knowledge of the wife, and where to exclude such evidence would occasion insecurity to that relation in society which it is the object of the rule to protect. * * * It was admissible upon the same principle governing the reception of such evidence in criminal prosecutions against the husband for acts of violence on his part threatened or committed upon the person of the wife. The exception rests upon the same grounds of necessity and public policy." State v. Newberry, 43 Mo. 429, was a prosecution for a misdemeanor. The courts says in the course of the opinion: "The abandonment and the destitution were known in the outset to these two persons alone. In a proceeding against the husband, under the statute, how are these facts to be established if the

Maget v. Maget.

testimony of the wife is shut out? As a rule, the husband and wife are not allowed to testify for or against each other. But there are exceptions to the rule as well established as the rule itself. Among these exceptions are included all cases of personal injury to the wife committed by the husband. In such cases the wife is permitted to testify against the husband on the ground or principle of necessity." In referring to the rule which forbids a wife to testify against her husband, it was said in Barr v. Armstrong, 56 Mo. loc. cit. 585, 586, that there are exceptions to that rule, and that one of these exceptions, mentioned in 1 Greenleaf on Evidence, sections 333, 334, is where the wife if excluded would be exposed to personal injury without any means of redress if she were not permitted to testify. And upon similar grounds of necessity, the same author further says that a wife has sometimes been admitted to testify to secret facts which no one but herself would know.

In view of the principles announced by the authorities to which we have just alluded, we think there is no doubt of the competency of the plaintiff as a witness against the defendant. Shall the plaintiff, out of considerations of public policy—to protect the sanctity of the marriage relation—not be heard in a court of justice to testify in relation to the gross abuse by her husband of his marital rights—to tell the sickening story of his brutish lust, and the consequent torture and injury to her health? When the husband, against the remonstrances of the wife, persists in the gross abuse of his marital rights, knowing that the wife's health is being thereby endangered, and where the knowledge of such abuse is confined alone to the husband and wife, the necessity of admitting her as a witness against her husband, in such cases, is sufficiently strong to overbalance the principle of public policy upon which the general rule of exclusion is based. In such case the law will not leave the wife exposed, without

remedy, to personal injury.   It will not leave her without adequate protection because of the circumstances that she is the spouse of her persecutor but, partly *ex necessitate rei* and partly for her protection, will draw aside the veil that protects the privacy of married life and allow her to testify in respect to the wrongs of which she complains.   The wisdom and stability of the general rule of exclusion is upheld only by a recognition of the exception.

Although the husband and wife are competent witnesses in a case of this kind, a divorce should rarely be granted without some corroborative evidence.   The rule requiring the corroboration of the plaintiff's testimony—in the absence of statute—is merely a general rule of practice and not an inflexible rule of law.   In Robbins v. Robbins, 100 Mass. 150, it was said that, when other evidence can be had it is not ordinarily safe or fit to rely on the testimony of the party only.   But sometimes no other evidence exists or can be obtained.   The parties are made competent witnesses by statute and there is no law to prevent the finding of a fact upon the testimony of a party whose credibility and good faith are satisfactorily established.   And this is believed to be the law in all of the states where the statute permits the parties to testify and does not prohibit the courts from granting a decree upon uncorroborated testimony of one of the parties.   Nelson on Divorce and Separation, sec. 779.   And as said in Sylvis v. Sylvis, 11 Colo. 319, there is no inflexible rule in this state which precludes the granting of a divorce upon the uncorroborated testimony of the plaintiff.

The rule of practice is that the appellate courts will review the evidence in divorce cases but, where there is great conflict in it, much weight will be given to the finding of the trial court, which is by far the best judge of the credibility of the witnesses.   The judge of that court is presumably acquainted with the parties and the witnesses who

testified before him, and his finding ought to be deferred to unless he has disregarded the evidence.   Nichols v. Nichols, 39 Mo. App. 291; Bryden v. Bank, 15 Mo. App. 580; Snell v. Harrison, 83 Mo. 651; Sharpe v. McPike, 62 Mo. 300; Hodges v. Black, 76 Mo. 537; Royle v. Jones, 78 Mo. 403. In the present case there are many irreconcilable conflicts in the testimony of witnesses.   But the judge who tried the case no doubt was well acquainted with both parties and these witnesses.   He looked into their faces, heard their voices and witnessed their entire demeanor while testifying, and was thereby afforded an opportunity to determine their credibility superior to that which is afforded us by a bare examination of the record.

To authorize a divorce on the ground of cruelty the evidence should show that the acts complained of are such as to endanger life, limb or health that will naturally arise from the continued commission of such acts, but it is not necessary that the evidence should show that actual physical violence has been used.   Extreme cruelty may be as effectually caused by conduct which produces mental suffering and robs the complainant of his or her peace of mind as by blows inflicted.   The acts complained of when not excessive and in ordinary circumstances were not *per se* unlawful, injurious or dangerous, but when carried to the excess shown by the evidence, with a knowledge on the part of defendant that such acts were injurious to the plaintiff's health and endangered it, the charge of cruelty was sufficiently established to authorize a divorce.   Shaw v. Shaw, 17 Conn. 189; Sylvis v. Sylvis, 11 Colo. 319; Carpenter v. Carpenter, 30 Kan. 712; Palmer v. Palmer, 45 Mich. 150; Friend v. Friend, 53 Mich. 543; Wheeler v. Wheeler, 53 Iowa 511; Kelly v. Kelly, 18 Nev. 49. We can not say that the evidence, though conflicting, was insufficient to justify the finding and decree.

The objection that the allowance for alimony was made

by the court after it had been deprived of jurisdiction by the appeal is not well taken. The appeal appears from the record to have been granted after the order allowing alimony.

The decree of the circuit court should be affirmed, which is accordingly so ordered. *Ellison, J.,* concurs. *Gill, J.,* not sitting.