---

### In re COHN.

(District Court, D. Missouri, E. D. October 25, 1900.)

BANKRUPTCY—COMPETENCY OF WITNESS—WIFE OF BANKRUPT.

    Rev. St. Mo. 1899, § 4656, which modifies the common-law disability of a married woman in the matter of testifying for or against her husband, and permits her to testify in certain specified actions, contains nothing which makes her testimony competent before a referee, in bankruptcy proceedings against her husband, in respect to property alleged to have been transferred to her in fraud of his creditors.

In Bankruptcy.

Sale & Sale, for bankrupt.

Nathan Frank, for petitioning creditors.

ADAMS, District Judge. The examination of the bankrupt before the referee disclosed the fact that, shortly before the filing of the petition for adjudication in bankruptcy against him, he had made several payments of money to his wife, claiming that he was indebted to her for money theretofore borrowed from her by him. Afterwards, on the application of the trustee, the wife, Albertine Cohn, was ordered to appear before the referee, pursuant to the provisions of section 21 of the bankruptcy act, and submit to an examination concerning the acts, conduct, and property of the bankrupt. She duly appeared, was sworn, and, after some preliminary questions and answers showing her relationship to the bankrupt, was asked the following questions: "(1) How much money was it that you received from your husband for signing that mortgage? (2) Within four months prior to the filing of the proceedings in bankruptcy against your husband in the months of December, 1899, and January, 1900, he paid to you about $2,200, as he testified. Will you please tell us what you did with that money?" The bankrupt's attorney objected to these questions, on the ground that the witness, being the wife of the bankrupt, was incompetent to testify in the case. The referee sustained the objection, and his action in so doing is certified here for review.

Section 21 of the act in question permits the examination by the referee of any person, "who is a competent witness under the laws of the state in which the bankruptcy proceedings are pending," relative to the acts, conduct, etc., of the bankrupt. Is the wife a competent witness, under the laws of the state of Missouri, for or against her husband, in a case pending against him in which she is not a party? The answer to this question disposes of the present case.

Section 4652, Rev. St. Mo. 1899, removes the common-law disability arising from interest, merely, in the result of any suit. Section 4656 modifies the disqualification of a married woman as it existed, as a rule of public policy, at common law, in the matter of testifying for or against her husband. It enables her to testify (1) "in actions upon policies of insurance of property so far as relates to the amount and value of the property alleged to be injured or destroyed"; (2) "in actions against carriers so far as relates to the lands and property, and the amount and value thereof"; (3) "in all matters of business transactions when the transaction was had and conducted by such married woman as the agent of her husband." Apart from the enabling statute just referred to, the wife is left, as at common law, disqualified, as a matter of public policy, from testifying either for or against her husband. This statute has no relation to cases in which the wife is a party. In such cases even though her husband be joined with her, and his rights be affected by her testimony, her own rights are so involved as to permit her to testify concerning them. This has been held in repeated adjudications of the supreme court of Missouri. Buck v. Ashbrook, 51 Mo. 539; Wilcox v. Todd, 64 Mo. 388; Joice v. Branson, 73 Mo. 28; State v. Evans, 138 Mo. 124, 39 S. W. 462; and several other cases.

It would seem clear, from a reference to the statutes of Missouri, above referred to, that the wife in the case under consideration is an incompetent witness; but it is contended that the proviso to section 4656 limits the disqualification to confidential communications. This proviso, is as follows: "Provided, that nothing in this section shall be construed to authorize or permit any married woman, while the relation exists or subsequently, to testify to any admission or conversations of her husband whether made to herself or to third parties." It seems to me that the proviso is primarily limited in its effective operation to the cases in that section referred to, and that its true interpretation is that even in actions on policies of insurance, or against carriers, or involving transactions in which the wife acted as agent for the husband, her disqualification should not be so far removed as to permit a disclosure of admissions or conversations made by her husband to her or in her presence. I am aware that by judicial construction the proviso has been made to apply to cases like divorce cases, in which the husband and wife are arrayed on opposite sides, but I think that such ruling by the court is occasioned as much by general considerations of public policy as by the proviso in question, and that, notwithstanding such ruling, the main purpose of the proviso is to restrain and limit the privileges granted to the wife by the enabling act found in section 4656.

I have carefully considered the cases relied upon by the bankrupt's attorney (Harlan v. Moore, 132 Mo. 483, 34 S. W. 70, and Shanklin v. McCracken, 140 Mo. 348, 41 S. W. 898), and I fail to discover any authority, in those cases or elsewhere, for the proposition that in Missouri the only disqualification of a wife as a witness is as to admissions and conversations made by the husband to her. The wife was by the common law, as a matter of public policy, totally disqualified to testify for or against her husband. That disqualification has been partially removed in Missouri, as shown by section 4656, and, except as so removed, she is still disqualified to testify for or against her husband in any case in which she herself is not a party, and her individual rights involved. This conclusion is in harmony with the decisions of the federal courts. In re Fowler (D. C.) 93 Fed. 417; In re Jefferson (D. C.) 96 Fed. 826; and In re Mayer (D. C.) 97 Fed. 328.

The argument based upon the necessity of the situation, namely, to compel a disclosure in case of attempted concealment of property, can have no force as against the disqualification provided for, on grounds of public policy, by the law. Indeed, that argument is shorn of nearly all its force by the fact that a suit may be instituted against the wife for the recovery of the property or for a discovery as to the facts of the case, and by such a proceeding the truth may be ascertained, and justice accomplished. The referee's action in holding Albertine Cohn to be incompetent as a witness in this case is approved.