### STATE OF MISSOURI, Respondent, v. BEAN, Appellant.

**St. Louis Court of Appeals, February 2, 1904.**

**HUSBAND AND WIFE: Witness.** As an exception to the common law rule, the wife is a competent witness against her husband in a prosecution for wife abandonment and may make affidavit as a basis for the information charging him with the offense.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. J. Cope* for appellant.

The well known and settled rule of law is that the lawful wife of a man is in no case competent to testify against him, or to make affidavits in any legal proceeding adverse to him, unless she be the immediate and direct object of the crime of misdemeanor complained of, and in cases of high treason. This doctrine is fully recognized in our Supreme Court in the case of State v. Hannah Coleman, 14 Mo. 119; Roscoe on Crim. Ev. 112-114; Commonwealth v. Easland, 1 Mass. 15; State v. Anthony, 1 McCord 285; Rex v. Sergeant, 21 Eng. Com. Law R. 453; State v. David Berlin, 48 Mo. 576; State v. Berlin, 42 Mo. 572; State v. Wallis, 119 Mo. 483, 29 Am. and Eng. Ency. of Law 624; State v. Evans, 138 Mo. 116.

BLAND, P. J.—Based on the affidavit of the wife of the defendant, an information, charging him with wife abandonment, was filed in the circuit court and chiefly on her testimony he was convicted.

The contention of the appellant in the trial court was and is here, that the wife is not a competent witness against her husband, and for this reason is not such a person as is authorized to make an affidavit as a basis for filing an information as provided by section 2477, R. S. 1899. Neither the husband nor wife is, at common law, a competent witness for or against the other in a civil or criminal cause in which the other is a party. 1 Greenleaf, Evidence, sec. 334 (Lewis Ed.); Wharton, Crim. Evid. 390. There are exceptions to this rule allowed from necessity of the case. The principal one is that in all cases of personal injuries or violence committed by the husband or wife against each other, the injured party is a competent witness against the other. 1 Greenleaf, Evidence, sec. 343; Wharton, Crim. Evid., sec. 393; State v. Boyd, 27 Am. Dec. 376, and extended note where the authorities are collated; State v. Willis, 119 Mo. 485; Bassett v. United States, 137 U. S. 496; Cotton v. State, 62 Ala. 12; State v. Burlingame, 146 Mo. 207; State v. Kodat, 158 Mo. 125. Another exception to the rule is to permit the wife to testify against the husband whenever she is the particular individual directly injured by the crime committed by her husband, and the facts are peculiarly within her knowledge and impossible or difficult of proof by any witness other than his wife.

In State v. Newberry, 43 Mo. 429, this exception to the rule was recognized and the wife held to be a competent witness against her husband, and competent to make an affidavit to the information charging him with the offense of wife abandonment, the identical crime charged here. The exception to the rule was applied in a civil case by the Kansas City Court of Appeals in the

case of Maget v. Maget, 85 Mo. App. 6.   It follows that
the judgment should be affirmed, and it is so ordered.
*Reyburn* and *Goode, JJ.,* concur.

