WILEY *v.* McBRIDE.

Opinion delivered January 28, 1905.

WITNESS—HUSBAND AND WIFE—PRIVILEGED COMMUNICATION.—In a suit by a trustee in bankruptcy against the wife of one adjudged bankrupt to set aside certain gifts alleged to have been made to defraud creditors, the wife may be compelled to disclose such gifts.

Appeal from Ashley Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Reversed.

R. E. Wiley, as trustee in bankruptcy for R. J. McBride, an adjudged bankrupt, brought suit against Margaret McBride, his wife, alleging "that on and about the 1st day of March, 1901, the said R. J. McBride did fraudulently and without consideration transfer and assign and deliver to the defendant, Margaret McBride, who was his wife, various sums of money, aggregating in amount the sum of two thousand dollars ($2,000) ; that at the time of said transfer and delivery of said money, the said R. J. McBride was hopelessly insolvent, and said transfer was made for the purpose of withdrawing and secreting said money from his creditors and to keep the same from being or becoming a part of his estate, he at that time having in contemplation the filing of a voluntary petition in bankruptcy, which he afterwards did on the 14th day of March aforesaid, and scheduled no assets except such as were exempt to him under the laws of the State of Arkansas.

"That, at the time of the transfer and delivery of the money aforesaid by said R. J. McBride, he was indebted to various creditors in large amounts aggregating more than five thousand dollars ($5,000), and that he still owes said debts, and the said transfer and delivery of the money aforesaid was made by McBride with the intent to hinder, delay and defraud his said creditors, and by reason of said transfer of money aforesaid the creditors of McBride have been hindered and delayed and prevented from collecting their debts or any part thereof, to their damage in the sum of two thousand dollars ($2,000).

"Wherefore the plaintiff prays for decree of this court that said transfer of money is void, and that plaintiff have judgment against the defendant for the sum of two thousand dollars and for all other proper relief."

Plaintiff filed with his complaint the following, among other, interrogatories addressed to the defendant:

"(1) Did not R. J. McBride before your marriage to him and on or about the 1st of February, 1901, give you a large sum of money, say, over one thousand dollars? If not, what amount of money did he give you between the 28th day of December, 1900, and the day of your marriage?

"(2) Did not the said R. J. McBride give you a large sum of money the day of your marriage to him, or between that date and the 2d day of March, 1901?

"(3)   Did you not deposit one thousand dollars with J. J. Dean, of Hamburg, Ark., or turn same over to him, on or about the 2d day of March, 1901? If so, where did you get said money?

"(4)   How much money has R. J. McBride turned over to you, or given you, since the 15th day of November, 1901?

"(5)   What have you done with the one thousand dollars you had deposited with J. J. Dean?

*          *          *          *

"(12)   Was the gift of money to you by McBride a gift absolute, or were you merely the custodian of the money for him?"

To this complaint defendant filed the following answer (omitting caption): "The defendant, Margaret McBride, for answer to the complaint herein exhibited against her, says: (1) That she has not now, nor had she at the time of the institution of this suit, any money or assets in her hands or subject to her control, belonging to the estate of R. J. McBride in bankruptcy, or said McBride individually. (2) As to the interrogatories, exhibited with said complaint, she says: The matters inquired about are privileged and questions impertinent, and she submits that she is not required to answer same, because it is patent that plaintiff is seeking to elicit testimony indirectly which he could not obtain directly."

Plaintiff demurred to the answer, and appealed from a judgment overruling same.

*Pugh & Wiley,* for appellants.

The court erred in overruling the demurrer to the answer and holding that the wife of McBride was privileged to refuse to answer the interrogatories attached to the complaint.   1 Am. Bank. Rep. 555; s. c. 93 Fed. 417; 3 Am. Bank. Rep. 163; s. c. 97 Fed. 190; 1 Am. Bank. Rep. 465; 3 Am. Bank. Rep. 95; 100 Fed. 795; 20 Wall. 31; Fed. Cas. No. 11375; Fed. Cas. No. 494; Fed. Cas. No. 12620; Fed. Cas. No. 4328; 41 Ark. 177; Const. Ark. § 2.

WOOD, J.   This is a suit by a trustee in bankruptcy against the wife of one who had been adjudged a bankrupt, to set aside certain gifts of money (amounting to $2,000) which were

alleged to have been made to defraud creditors. The voluntary bankrupt had scheduled none but exempt assets. The question here is, can the appellee be compelled to disclose such gifts? Under our law a party may be a witness against himself in a civil suit. Const. 1874, schedule, § 2; Kirby's Dig. § § 3093-4. In a suit like this such disclosure is not within the rule of privileged communications. Kirby's Dig. § 3095. In re *Fowler,* 93 Fed. 417, Judge Bunn said: "The proper way to reach property in the hands of the wife which it is charged was fraudulently conveyed to the wife by the husband would be by bill of discovery brought by the trustee. If such a bill were brought against the wife, there can be little doubt that she might then be compelled to testify. She would then be a party to the suit. She would not be testifying in a suit either for or against her husband, but would be testifying for or against herself."

It is undoubtedly the law that a wife may be sued to set aside a conveyance made to her with the intent to defraud creditors, and in such suit she is not incompetent as a witness concerning any matter that is not a privileged communication, and it is certainly not the policy of the law to hold gifts that were made in fraud of creditors privileged communications. In re *Eldred,* Fed. Cases, 4328.

These gifts were alleged to have been made by the husband in fraud of creditors, while he was insolvent, and while he was contemplating voluntary bankruptcy, and just before he was declared a bankrupt. The appellee could be required to disclose the gifts. See cases cited in appellant's brief.

Whether they were fraudulent and recoverable would be a matter for further determination.

The demurrer should have been sustained.