JOSEPH GEDWELL, Respondent, v. MARY GEDWELL, Appellant.

Springfield Court of Appeals, November 23, 1914.

1. DIVORCE: Indignities: Evidence Examined. Action by husband for divorce, the petition alleging that the wife had offered such indignities as to render the husband's condition intolerable. Evidence examined and reviewed and considered insufficient to warrant a divorce.

2. ———: ———: Corroborative Evidence. Where the alleged indignities in a divorce proceeding are such that third parties could not testify concerning them, a divorce is rarely granted without corroborative evidence.

3. ———: **Appeal: Review of Record.** In a divorce proceeding
the appellate court tries the suit upon the record brought up,
entering such decree as should be entered in the case. Great
deference, however, is paid to the finding of the trial judge,
especially in cases where the evidence is oral and there is
great conflict therein.

Appeal from Texas County Circuit Court.—*Hon.
Wilson Taylor*, Special Judge.

REVERSED AND REMANDED.

*Lamar, Lamar & Lamar* for appellant.

(1) While a suit for divorce is a statutory action,
on appeal the appellate court will review the evidence
for itself, and determine whether or not it justifies
the judgment of the lower court and will award such
judgment as the lower court should have awarded. All-
free v. Allfree, 75 Mo. App. 345; Grove v. Grove, 79
Mo. App. 142; Green v. Green, 22 Mo. App. 494; Barth
v. Barth, 168 Mo. App. 423; Donelly v. Donelly, 150
Mo. App. 660. (2) An admission or confession of
guilt, (even if admissible when made by a wife to a
husband) is not sufficient to warrant a decree. 14 Cyc.
682; Twyman v. Twyman, 27 Mo. 383. (3) Ordinarily
the uncorroborated testimony of the party charging
the offense is insufficient to establish the fact of its
commission, whether it consist of adultery, cruel and
inhuman treatment, or any other ground for divorce.
Maget v. Maget, 85 Mo. App. 6; 14 Cyc. 688.

*Hiett & Scott*, for respondent.

(1) We admit that on appeal of a divorce case
the appellate court will review the evidence for itself
and determine whether or not it justifies the judg-
ment of the lower court and will award such judgment
as the lower court should have awarded. Yet great

deference should be paid to the conclusions of the trial court on evidence of witnesses who testify before him. Barth v. Barth, 168 Mo. App. 423. (2) While the public and other parties than the plaintiff and defendant may be interested in divorce case, yet it is not the policy of the law to keep the innocent and injured party bound by a marital tie that is intolerable by force of the law. Barth v. Barth, 168 Mo. App. 423. (3) While a divorce rarely should be granted without some corroborative evidence, yet there is no inflexible rule in this State precluding the granting of a divorce upon such testimony. Maget v. Maget, 85 Mo. App. 6.

FARRINGTON, J.—A decree of divorce was granted to the plaintiff husband, and defendant has appealed.

The ground alleged in plaintiff's petition for divorce was that the defendant wife offered such indignities to plaintiff as to render his condition in life intolerable in that about the year 1905 defendant became infatuated with a priest in the city of Chicago by the name of Steponovich and permitted him to frequently call on her and that when she was reprimanded by plaintiff admitted to plaintiff that she was in love with Steponovich; that on November 26, 1912, six years after plaintiff and defendant had moved to Texas county, Missouri, and lived there together, defendant admitted and confessed to plaintiff that she still loved Steponovich; that plaintiff found a picture of Steponovich among defendant's effects after she left the home in Texas county; and that upon leaving, defendant told plaintiff she was going back to Chicago and live with Steponovich, he having agreed to take care of her so that she would not have to work.

The defendant answered denying all the charges made, and filed a cross-bill alleging that defendant by force and violence drove her away from the home in Texas county, compelling her to leave her infant chil-

dren in the care and custody of the plaintiff, and setting up allegations which if true would entitle her to a divorce. She alleged that defendant owns property valued at five or six thousand dollars and prayed for a divorce with alimony.

The decree, as stated, was for the plaintiff, finding that he was the innocent and injured spouse.

Defendant by her attorneys before the commencement of the trial filed an affidavit for a continuance (later offered in evidence) as follows: (Formal parts omitted.)

"Robert Lamar, being duly sworn, on his oath, says that he is one of the attorneys for the defendant in the above entitled cause and has been in communication with Edward W. Cullen, an attorney at law in the city of Chicago, where the defendant resides; that this affiant received word by letter from the said Edward Cullen on the 12th day of June, 1913, that said Cullen had been unable to ascertain the full facts in the said cause from this defendant because of the continued illness of said defendant; that plaintiff formerly resided in the city of Chicago; that said attorney stated in said letters to affiant that defendant is a genuine woman; that she is without property of any kind or character, and when able to work earns her living by menial labor; that affiant believes from all the information he has acquired concerning this case and the parties hereto, that said defendant is wholly without means; that from said information affiant believes she has a meritorious defense to the charges in the plaintiff's petition; that the failure to have said defendant here at this term of court or to get her deposition has been due to the abject poverty of said defendant and her continued illness; that this application is made not for vexation merely, but in order that substantial justice may be done and affiant believes he can procure the attendance of defendant, or secure her deposition at the next term of this court."

The only evidence as to indignities offered was the testimony of the plaintiff, the defendant being absent and offering no evidence on the question of the indignities alleged.

Plaintiff testified that he and the defendant were married in 1895 in Chicago and lived together there until about the year 1905 when plaintiff says he accused defendant of undue intimacy with Steponovich, her parish priest. It appears from the record that these people are Russians. Plaintiff also testified that about the year 1905 he found his wife wearing a picture of this priest on her dress and that he took it from her and stamped it with his foot; that he and his wife then agreed that the best course was for them to leave Chicago. It may be stated, however, in this connection, that plaintiff admitted as a witness that he never saw any improper conduct on the part of the priest and his wife, and that he never came home during the time he was suspicious and found Steponovich visiting his home, but he does say that he saw this priest pass down the street and that his wife would watch him. He also testified that during the year he saw his wife go to the home of the priest some ten or fifteen times, the exact number of times he does not remember, and he admits that in their church it is customary for parishioners to visit the home of the priest. It must be borne in mind that all this occurred some six years before the defendant left the home in Texas county. Plaintiff testified that while defendant lived with him in Texas county she did not love the children and on one occasion left them in the house when he was afraid they would be killed by fire; also, that she wrote some letters, but he did not know to whom she wrote, nor did he ever find any letters from Steponovich to his wife. He produced at the trial a picture of a man in priest's clothing and said it was the picture of Steponovich and identified it as the picture he stamped with his foot some eight years be-

fore. He found this picture in his home in Texas county the day after defendant left. He says the children told him about it. Just where the picture was found is not definitely shown by the record; one time plaintiff said he found it among some pictures of the children, and again said he found it on a dress his wife had left. He introduced some witnesses to show his good character; but the same witnesses testified that they had seen the defendant when she was living with the plaintiff and that from their observation she appeared to be a good woman. This is all the evidence in the case relating to the alleged indignities that was not objected to and excluded by the trial court.

It will be seen that there is no corroborative evidence as to any indignities suffered which had not been condoned, and such as was testified to was what the plaintiff says the defendant admitted or confessed to him. The indignities alleged and testified to were not such as out of the necessity of the thing could not be testified to by third parties, and where this is true, a divorce is rarely granted without some corroborative evidence. [See Maget v. Maget, 85 Mo. App. 6.]

The divorce decisions in the reported cases are of little aid to a trial or appellate judge as no two cases are alike, and the divorce is to be granted or refused on the impressions made upon the judge from the competent evidence in the particular case. The appellate court tries the divorce suit upon the record brought up and enters such decree as should be rendered in the case, paying great deference, it is true, to the finding of the trial judge who saw the witnesses and heard them testify, and this is especially true where the evidence is oral and there is great conflict therein. [Maget v. Maget, supra, l. c. 13; Long v. Long, 171 Mo. App. 202, 156 S. W. 487; Wyrick v. Wyrick, 162 Mo. App. l. c. 732, 145 S. W. 144]. But in the case at bar the evidence was oral, but there was no conflict

whatever as the only evidence as to indignities was that of the plaintiff who testified to confessions made him by the defendant.

The plaintiff and defendant lived together as man and wife for something like seventeen years, and at the time of their separation there were two children born of the marriage, one five and the other seven years of age. In view of the fact that the evidence to support the plaintiff's petition is of such a flimsy character, and that the defendant was not present at the trial (her absence being explained somewhat by the affidavit for continuance hereinbefore set out), we feel that the decree of divorce should not be allowed to stand. No serious rights of the plaintiff will be affected by a new trial, and a most serious wrong might be inflicted by the decree on the defendant wife, and disgrace would necessarily befall the children. After a careful examination of all the evidence we are convinced that the decree heretofore entered should be set aside and annulled, and it is ordered that this cause be remanded with directions to the circuit court to proceed accordingly and to docket the case for retrial. *Robertson, P. J.,* and *Sturgis, J.,* concur.