## J. H. NORVELL V. THE STATE.

No. 23306. Delivered March 13, 1946.

214

The opinion states the case.

*W. E. Grimes,* of Floydada, and *Nelson, McCleskey & Howard* and *F. D. Brown,* all of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of seven years.

Appellant asserts that the evidence which forms the basis for his conviction was improperly admitted over his objection. The State relied solely upon the testimony of the prosecutrix. It appears from the record that the mother of the prosecutrix and the appellant were married on the 17th day of February, 1943; that they separated on the 21st day of June, 1945, at which time the mother went to Childress, where she made her home, leaving the prosecutrix (who was her daughter by a former marriage) at the home of the appellant. On the 18th day of August, 1945, appellant, with the consent of the prosecutrix, had sexual intercourse with her. She was then fourteen years and eleven months of age. Thereafter on the 7th day of September, 1945, the prosecutrix and the appellant were legally married to each other. She further testified on re-direct examination that appellant told her that the only way that he could keep from going to the penitentiary was for her to marry him; that she did not love him, but married him because he said that was the best thing to do; that she did so because she was afraid he would hurt her or her mother in the event she declined to become his legal wife.

Appellant objected to the introduction of this testimony on the ground that she was his wife. The court overruled his objec-

tion on the theory that the evidence disclosed that she married him while under duress. It appears to us that the evidence fails to show that she was under duress. The only evidence on the subject is as follows: "I was afraid he would hurt either mother or me." Just why she was afraid he would hurt her or her mother is not disclosed by the record. There is not any evidence that he made any threats of any kind to harm either her or her mother in the event she declined to enter into the bond of matrimony with him. Consequently, the fear which she expressed was but a conclusion without the statement of any fact as a basis therefor. It must be borne in mind that the act of sexual intercourse relied upon occurred on the 18th day of August, 1945; that on the following day he carried her to her mother at Childress; that the marriage did not take place until the 7th day of September, 1945. There is not any evidence from any source that she was under his influence, control or domination from the time that he carried her to her mother until the marriage ceremony was performed. However, if it should be conceded that she was under duress at the time of the marriage, it would not make it void but merely voidable. It would not be such grounds as would authorize a decree of divorce but might be such as would authorize the annulment of the marriage. Article 4603, Revised Civil Statutes, 1925, provides as follows:

"Males under sixteen and females under fourteen years of age shall not marry."

In the instant case, the prosecutrix was over fourteen years of age. Therefore, she was not inhibited by the law of this state from entering into the bonds of matrimony. Consequently, the marriage was legal, and being legal, she was his lawful wife until the same was annulled upon some equitable grounds inasmuch as no legal grounds for a divorce were shown to exist. See Ex parte Nolte, 269 S. W. 906. Therefore, she was inhibited from testifying against him under Article 714, C. C. P.. which provides as follows:

"Neither husband nor wife shall, in any case, testify as to communications made by one to the other, while married; nor shall they, after the marriage relation ceases, be made witnesses as to any such communication made while the marriage relation existed, except in a case where one or the other is prosecuted for an offense; and a declaration or communication made by the wife to the husband, or by the husband to the wife, goes to extenuate or justify an offense for which either is on trial. The husband and wife may, in all criminal actions, be witnesses

for each other; but they shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other."

It will be noted from the foregoing article of the statute that the wife of an accused cannot be used as a witness against the husband except in a case where an offense has been committed by the husband against the wife, or where he is guilty of having committed personal violence against her.

In Tex. Jur. Vol. 44, p. 1032, sec. 71, the rule is stated to be as follows:

"The wife of a defendant may not be called to testify against him though he married her after the commission of the offense and for the express purpose of suppressing her testimony against him."

In the case of Cole v. State, 92 Tex. Cr. R. 368, Judge Hawkins, speaking for the court, said:

"Proof was made by the witness Jeolla Fleming that after appellant was released upon bond she had a conversation with him relative to his marriage with Lena Cheesborough, in which he stated that he had married her in order to 'kill her evidence,' that her evidence would be 'no good' if he married her. Exception was reserved to this testimony on the ground that appellant's reasons for marrying Lena Cheesborough were improper, in that she was at the time of the trial his wife, and, the marriage not being illegal, the reasons therefor could not be shown as a circumstance against him."

In the case of Miller v. State, 40 S. W. 313, 37 Tex. Cr. R. 575, this court held that although the appellant had married the prosecutrix after he had committed an abortion on her, she could not be used at a witness against her.

In the case of State v. Evans, 39 S. W. 462, decided by the Supreme Court of Missouri, the accused was indicted for rape on a girl then under fourteen years of age. Subsequent to the alleged rape he married the prosecutrix and she was introduced as a witness against him over his objection. In that state there is a statute similar to our own allowing the wife to testify in favor of her husband but not against him. The facts in that case showed the rape to have been committed with the consent of the prosecutrix, as in the instant case. In that case,

it was urged, however, that this was a criminal injury to the wife and came within the exceptions allowed by common law. The court, in discussing this point, said:

"This contention ignores the limitation of the exception itself. Ex vi termini a wife is only admitted to testify concerning criminal injuries to herself as a wife, not to a woman who was not at the time of the injury the wife of the defendant. We agree with counsel that both the rule and its exceptions are founded in public policy, but the legislature of this State has announced the public policy of this State. With this subject before it for its consideration, it has declined to relax or change the common law so as to render the wife a competent witness against her husband in a criminal prosecution of this kind."

Judge Hurt, in discussing the Miller case, supra, made the following observations relative to the doctrine laid down by the Supreme Court of Missouri in the Evans case, supra:

"Allene Turnage was not the wife of the appellant at the time the transaction occurred about which she was called to testify. She was his wife at the time she was placed upon the stand. If it be conceded that the acts constituting the abortion stated in the record were acts of personal violence, they were not at the time directed against his wife. They subsequently married, and the statute, by its terms, excludes the wife from testifying against her husband, except as to acts of personal violence against her."

It is needless for us to prolong this opinion by a further discussion of the question here presented since we have reached the conclusion that the trial court fell into error by permitting the prosecutrix, who was appellant's wife, to testify against him.

Therefore, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.