State v. Evans.

## The State v. Evans, *Appellant*.

### Division Two, March 10, 1897.

1. **Evidence:** RAPE: COMPETENT WITNESS: WIFE.    A wife is not a
competent witness against her husband in a prosecution against him
for the commission of a rape on her prior to their marriage.

2. ————: ————: ————: PHYSICIAN.    In a prosecution for rape the
testimony of a physician that he examined the girl four months after
she arrived at the age of consent, and found the hymen destroyed, is
incompetent as tending to prove the crime charged, because too
remote.

3. ————: ————: INSTRUCTION.    Where the evidence for the State
shows the age of the girl on whom a defendant is charged with hav-
ing committed a rape by having intercourse with her while she was
under the age of fourteen years, the court should limit the inquiry to
the time, at the furthest, at which she arrived at the age of con-
sent; and an instruction was misleading which told the jury that
they could find defendant guilty if at any time prior to the finding of
the indictment he had had intercourse with the girl, to whom the
defendant had been married more than three months prior to such
finding, although it was further qualified by a direction that they
must also find that the girl was, at the time of such intercourse,
under the age of consent.

4. ———: ———: FLIGHT. The mere fact that a defendant was arrested in another State does not justify the giving of an instruction on the inference which may be drawn from flight.

*Appeal from Clinton Circuit Court.*—HON. WILLIAM S. HERNDON, Judge.

REVERSED AND REMANDED.

*Wm. Henry & Son* for appellant.

The circuit court committed error in permitting the defendant's wife to testify against him, for she was incompetent as a witness to prove any act or offense of defendant committed by him before the marriage under our statute as well as at common law. R. S. 1889, sec. 4218. The rule of the common law excluding husband and wife from testifying for or against each other, is based for the most part upon that ground of public policy which demands the preservation and harmony of the marital relation. *Stein v. Bowman,* 13 Pet. 222; *Bradford v. Williams,* 2 Md. Ch. 1; *Byrd v. State,* 34 Am. Rep. 442; *State v. Burlingham,* 15 Me. 104; *Kimbrough v. Mitchell,* 1 Head (Tenn.), 539; *Compton v. State,* 13 Tex. App. 271; *State v. Berlin,* 42 Mo. 572, 577; *State v. Ulrich,* 110 Mo. 364; *State v. Willis,* 119 Mo. 488; 29 Am. and Eng. Ency of Law, 624. And this rule of exclusion is so inflexible that it is relaxed in but few cases, and never in criminal practice, save and except in that class of cases in which it is necessary for the protection of the wife from personal violence of the husband, involving her bodily safety or liberty. *State v. Hussey,* Busb. (N. C.) 123; *State v. Burlingham,* 15 Me. 107; *Bentley v. Cooke,* 3 Doug. 422; *State v. Armstrong,* 4 Minn. 335; *Bassett v. United States,* 137 U. S. 496; 29 Am. and Eng. Ency. of Law, 638. And the wife is not a competent witness to prove any act of

the husband antedating the marriage. *Rex v. Locker et al.*, 5 Esp. 107. And this is so, although it appears that the relation was entered into for the sole purpose of suppressing her testimony. *United States v. White*, 4 Utah, 499; *Rex v. Locker*, 5 Esp. 107. (2) The court erred in permitting Dr. Sharp to testify to the absence of the hymen of the prosecuting witness in the month of September, 1895, long after she attained the age of fourteen years; for if its absence was any evidence of lack of virginity at all, it was no evidence of such lack several months prior to its discovery, much less that defendant deprived her of that virtue. (3) The first instruction given at the request of the State was improper and misleading in that it directed a verdict of guilty if the jury believed defendant did ravish and carnally know Aggie De La Verne at any time prior to May 8, 1896; while in point of fact it was impossible for carnal knowledge to constitute the crime as alleged in the indictment during the last three months and eighteen days of that time because of the marriage relation then existing between the parties, and while it was also impossible for carnal knowledge to be a crime during the last year of that time, save eleven days, if the witnesses of the State are to be believed, because, according to their evidence, Aggie was fourteen years of age on and after May 29, 1895. (4) The circuit court committed error in giving to the jury the third instruction in regard to defendant fleeing from this State when accused of the crime, etc., for we contend that there was no evidence to base it on. (5) The first instruction as prayed by defendant at the close of the evidence should have been given, for the whole evidence outside of that given by his wife, all of which was incompetent, failed to show that the crime, if any, was committed in Clinton county, and fails to show that the carnal knowledge, if any, was had before

Aggie attained the age of fourteen years.   (6)   There
is a fatal variance between the indictment and evidence
in that the indictment charges defendant with having
carnal knowledge of Aggie De La Verne, while the evi-
dence tended only to show such carnal knowledge of
Aggie Evans.

*Edward C. Crow*, Attorney-General, and *Sam B.
Jeffries*, Assistant Attorney-General, for the State.

The wife is a competent witness against the hus-
band where she is the immediate prosecutrix, for some
injury threatened or done her person.   *State v. Arnold*,
55 Mo. 89; *State v. Tucker*, 71 Ala. 342.   To the gen-
eral rule excluding the husband and wife as witnesses
there are several exceptions which arise *ex necessitate
rei* partly from the protection of the wife, and partly
for the sake of public justice.   *State v. Newberry*, 43
Mo. 433.   A married woman is excluded as a witness
from motives of public policy.   As a general exception
to that rule, whenever the policy or necessity of admit-
ting her as a witness against her husband is sufficiently
strong to overbalance the principles of public policy,
she ought to be received as a witness.   *Bach v. Per-
maly*, 35 Wis. 238; *Lucas v. Brooks*, 18 Wallace, 452.
Greenleaf on Evidence, volume 1, section 343, says:
"Woman is a competent witness against a man indicted
for forcible abduction and marriage, if the force con-
tinued upon her till marriage; and this, by the weight
of the authorities, notwithstanding her subsequent
assent and cohabitation; for otherwise, the offender
would take advantage of his own wrong.   So, she is a
competent witness against him on an indictment for
rape committed on her person."   The general rule
against the right of the wife to testify being founded
upon ground of public policy, and as the exceptions

thereto arise from the necessity of the case, it would appear that for the same reason, *ex necessitate rei*, she would be a competent witness as to the matter of excepted character transpiring and taking place before marriage, as well as after marriage. *State v. Tucker*, 71 Ala. 343. The reason for the rule being founded upon public policy and the exceptions thereto taking place when the necessity and public morals overbalance public policy, the reason therefor is removed and the rule destroyed.

GANTT, P. J.—The appellant was indicted and convicted in the circuit court of Clinton county of rape and sentenced to eight years' imprisonment in the penitentiary. The indictment charges that Othello M. Evans on or about August 3, 1894, in and upon one Aggie De La Verne, a female child under the age of fourteen years, to wit, of the age of thirteen years, unlawfully and feloniously did make an assault and her the said Aggie De La Verne then and there unlawfully and feloniously did carnally know and abuse, against the peace and dignity of the State.

The evidence tended to show that on July 13, 1894, the defendant and Aggie De La Verne were at a picnic in Clinton county; that defendant accompanied her to her home that night, and induced her by his solicitations to have sexual intercourse with him in her father's house.

It was shown that she was born May 29, 1881, and consequently was under fourteen years of age when the cohabitation occurred. There was evidence that defendant admitted to Dr. Sharp and to the girl's mother that he had had sexual intercourse with the girl. It was shown, indeed admitted, by both sides, that defendant and the said Aggie De La Verne, were afterward, to wit, on January 21, 1896, and prior to the finding of the indictment, lawfully married. The said Aggie

De La Verne was permitted to testify at the trial and was introduced as a witness in the case by the State in the name of Aggie Evans, and the examination proceeded as follows:

"*Q.*  What is your name?  *A.*  Aggie Evans.

"*Q.*  Where do you live?  *A.*  In Cameron.

"*Q.*  Are you acquainted with the defendant, Mr. Evans?"

This question and the answer thereto, and all testimony of the witness, was objected to by defendant, for the reason that the witness is the lawful wife of defendant, and as such incompetent as a witness to testify against him against his consent or otherwise, and for the further reason that the indictment charges a rape upon Aggie De La Verne and the witness says her name is Aggie Evans.  And thereupon the State, by the prosecuting attorney, admitted that the said witness is the lawful wife of the defendant, and that she was lawfully married to defendant on January 21, 1896, and that the State expects to make out its case by proving that the rape charged in the indictment was committed upon her, the said witness, prior to said marriage, and at the time of the commission of said rape the witness' name was Aggie De La Verne.

And thereupon the court held and ruled that said witness, although the lawful wife of defendant, was a competent witness to prove the fact of carnal knowledge as charged in the indictment, and overruled said objections of defendant; to which action and ruling of the court the defendant then and there at the time excepted.

And under said ruling of the court said witness testified, in substance, that defendant had sexual intercourse with her on the thirteenth day of July, 1894; that she was thirteen years old the May before, and that she was born May 29, 1881; and also that this occurred

in Clinton county, Missouri, and that the sexual act was repeated on August 3, 1894, in said county.

Outside of the testimony of this witness there was no evidence of the venue of the crime or of the *corpus delicti*. The declarations testified to by the mother of the witness, and Dr. Sharp and E. L. Moorman, which might be taken as admissions of defendant that he had sexual intercourse with said Aggie, had no tendency to show *when* or *where* it happened, and certainly not to show that it occurred before she was fourteen years of age, so as to constitute rape, as charged in the indictment.

Dr. Sharp, a witness for the State, in his direct examination, was asked the question: "I will get you to state whether or not you ever made an examination of Miss Aggie De La Verne, and if so when?"

Which was objected to by defendant's counsel as incompetent, irrelevant and immaterial. But which objection was overruled, and to which ruling of the court defendant duly excepted.

The witness answered; "*In September, 1895.*"

Then further objection was made by defendant on the ground that it was too remote—which objection was overruled, and to which ruling defendant duly excepted.

The witness in answer said: "In September, 1895—I don't know the day—I was called upon to see her. She was sick. * * * I examined her and found the hymen entirely destroyed and broken down and as having taken its place as part of the vagina. The hymen is the lower extremity of the vagina. It is easily destroyed in the first copulation."

At the close of the evidence on the part of the State the defendant prayed the court to instruct the jury as follows: "Under the indictment and evidence in this case, the jury will not find the defendant guilty,

but must find him not guilty." But the court refused said instruction, to which defendant duly excepted.

And the defendant declining to offer any evidence, the court, at the request of the prosecuting attorney, and against the objections of defendant, gave to the jury six instructions, to which defendant duly excepted; and two of said instructions, numbered 1 and 3, are now complained of, and are as follows:

"1. The court instructs the jury that if they find and believe from the evidence beyond a reasonable doubt, that the defendant, at any time prior to the filing of the indictment, to wit, the eighth day of May, 1896, did ravish and carnally know the prosecutrix, Aggie De La Verne, either with or without her consent, and that the said Aggie De La Verne was at the time under the age of fourteen years, then the jury will find the defendant guilty and assess his punishment at death by hanging, or by imprisonment in the penitentiary for a term of not less than five years."

"3. The court instructs the jury that flight raises a presumption of guilt, and if the jury find and believe from the evidence that the defendant, when accused of the alleged crime in the indictment, fled from the State of Missouri, and tried to avoid arrest and trial for said offense, they may take this fact into consideration in determining his guilt or innocence."

There was no evidence that defendant fled from this State when accused of this crime, or at any time, or that he tried to avoid arrest.

On January 17 and 20, 1896, there was a question as to whether or not Aggie was pregnant, and the matter was then discussed between defendant and her mother and Dr. Sharp, but whether she was in fact pregnant at that time or at any time, the evidence fails to show.

Under the instructions of the court the jury found

the defendant guilty. Afterward, on the same day, defendant filed his motion for a new trial, complaining among other things, of the action of the court in the foregoing particulars, which being overruled, he again excepted.

The foregoing is deemed a sufficient statement of all the material facts necessary to an understanding of the opinion of this court.

I. It is at once evident that the controlling question on this appeal is the alleged error in permitting the wife of the defendant to testify against him. By the common law the general rule was that a husband or wife could not testify for or against each other in any legal proceeding to which the other was a party or which involved the interests of the other. 1 Greenleaf on Evidence [14 Ed.], sec. 343; *State v. Ulrich,* 110 Mo. 350; *State v. Berlin,* 42 Mo. 572; *State v. Willis,* 119 Mo. 485.

To this general rule there are well defined exceptions. Thus in *State v. Arnold,* 55 Mo. 89, it is said: "Nothing is clearer than that it is incompetent for the wife to give evidence against the husband, except in the case where she is the immediate prosecutrix for some injury threatened or done to her person." In *State v. Willis, supra,* the exceptions are thus stated: "*Except* in the prosecution of the one for criminal injury to the other, as for assault and battery, rape by some other person assisted by the husband, shooting and forcible abduction." Citing *Whipp v. The State,* 34 Ohio, 87.

It will be observed that the rule excludes the husband or wife when he or she is called to testify. If at that time they are lawfully married, neither can testify for or against the other, and it makes no difference at what time the relation of husband and wife *commenced.* 1 Greenleaf [14 Ed.], sec. 336. Thus in *Pedley v. Wellesley,* 3 Car. & Payne, 558, where defendant

married one of plaintiff's witnesses after she was actually summoned to testify in the suit, she was held incompetent to testify; that case forming an exception to the general rule that neither a witness nor a party can by his own act deprive his adversary of the right to the testimony of a witness.

It it urged by the Attorney-General that this case falls within the exceptions to the general rule; that it is a criminal injury to *the wife*. This contention ignores the limitation of the exception itself. *Ex vi termini* a wife is only admitted to testify concerning criminal injuries to herself as *a wife*, not to a woman who was not at the time of the injury the wife of the defendant.

We agree with counsel that both the rule and its exceptions are founded in public policy, but the legislature of this State has announced the public policy of this State. With this subject before it for its consideration, it has declined to relax or change the common law so as to render the wife a competent witness against her husband in a criminal prosecution of this kind. It permits her to testify for him at his option, but not against him. R. S. 1889, sec. 4218. And they may testify against each other in suits for divorce. R. S. 1889, sec. 8918.

The careful expression of these two cases in which a wife may testify excludes all other exceptions save those already enumerated and which descended to us with the rule itself.

The court clearly erred in admitting the wife as a witness over and against the defendant's objections and exceptions.

II. It will be remembered that according to the evidence for the State, Aggie De La Verne was fourteen years old on the twenty-ninth day of May, 1895. The circuit court, over the objection of defendant, per-

mitted Dr. Sharp to testify that, by an examination made by him of the said Aggie in September, 1895, he found her hymen destroyed. This examination made four months after she was fourteen years old, it seems to us, is too remote. This is not a case of forcible ravishment in which recent injury to the party obviously inflicted at the time of the assault would be competent and persuasive evidence that force had been used to accomplish the copulation, but it is a prosecution based upon the incapacity of the woman to consent by reason of non-age. If the evidence had shown that no other man than defendant could have had access to this girl, and that the hymen could only disappear from copulation, still, as four months had elapsed since she had become fourteen or arrived at the age of consent, there was ample time in which he could have destroyed the hymen, and yet not have been guilty of the crime as charged. Absence of the hymen under such circumstances would not tend to prove copulation while she was under fourteen years of age, any more than after fourteen.

This evidence could only have been admitted on the theory that the absence of the hymen in September tended to prove its absence prior to May 29, 1895, and from that fact permit the jury to infer sexual intercourse prior to that date also, but as it is a recognized fact that the hymen may be destroyed from causes other than sexual intercourse, and its absence was not inconsistent with chastity and virginity at a time four months prior to the discovery of its absence, we think, standing alone, it was not criminating evidence, without evidence that he alone had the exclusive opportunity of destroying the hymen.

In the state of the evidence, we think this evidence was too remote, was incompetent and prejudicial and hence it was reversible error to admit it.

III.  The criticism upon the second instruction for the State is well taken.  The instruction should have confined the jury to the inquiry as to sexual intercourse up to the time Aggie De La Verne was fourteen years old, as charged in the indictment.  By permitting the jury to make inquiry as to the carnal knowledge of the girl by defendant up to May 8, 1896, it allowed them to convict him of intercourse during a time he was married to her, as he had been married for three months and eighteen days prior to May 8, 1896.  The instruction is misleading and can not be approved in a case where time and age are such important features in the crime charged.

IV.  The instruction on the presumption of guilt from flight ought not to have been given without more evidence of flight.  The mere fact that defendant was arrested in Arizona was not sufficient of itself to be the basis of the instruction.

For the foregoing errors the judgment is reversed and the cause remanded.  SHERWOOD and BURGESS, JJ., concur.