PEOPLE *v.* SCHOONMAKER.

1. STATUTORY RAPE—CONSENT—CONCLUSIVE PRESUMPTIONS.
   A female under the age of 16 years is, under the statute, conclusively presumed to be incapable of consenting to sexual intercourse.

2. MARRIAGE—LEGALITY—EVIDENCE.
   The presumption from proof of a marriage ceremony by an officer authorized to perform it is in favor of the legality of his act.[1]

3. GUARDIAN AND WARD.
   A stepfather is not a natural guardian of an orphan child.

[1] The presumptions flowing from a marriage ceremony are considered in a note to *Megginson* v. *Megginson,* (Or.) 14 L. R. A. 540.

4. WITNESSES—HUSBAND AND WIFE.
> A wife is not a competent witness against her husband upon a prosecution for rape, based upon his having had intercourse with her before their marriage, while she was yet under the age of consent.

Exceptions before judgment from Emmet; Adams, J. Submitted January 28, 1898.   Decided May 24, 1898.

Earl Schoonmaker was convicted of statutory rape. Reversed.

*B. T. Halstead,* for appellant.

*Fred A. Maynard,* Attorney General, and *Clay E. Call,* Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of statutory rape.   The complaining witness was at the time under 16 years of age.   It is not claimed that the act of intercourse was against the will of the complaining witness, but the offense is under the statute ample without such proof, as she is in the law incompetent to give consent.   *People* v. *Ten Elshof,* 92 Mich. 167.

When the complaining witness was called to the stand, she was interrogated by the respondent's counsel as to her competency.   From the examination it appears that she had gone through a form of marriage with respondent before the judge of probate of Emmet county.   Under certain conditions such a marriage is authorized by the terms of Act No. 180, Pub. Acts 1897.   The prerequisite conditions were not affirmatively shown by the respondent or testified to by the witness.   But, if the fact of marriage rendered her incompetent to testify to the facts in this case, the presumption from proof of a ceremony by an officer authorized to perform it is in favor of the regularity and legality of his act.   2 Whart. Ev. § 1297; 1 Bish. Mar., Div. & Sep. § 946.

The evidence shows that the complaining witness is an orphan, and that her stepfather did not give his consent

to the marriage. The circuit judge was of the opinion that this fact overcame the presumption of regularity. This view cannot be sustained. The stepfather is not a natural guardian of the child. Schouler, Dom. Rel. § 298.

The question is therefore presented as to whether the wife is a competent witness to the act charged as occurring before marriage. It is to be noted that Act No. 180, Pub. Acts 1897, makes no provision on this subject, and that, therefore, the general statute, 3 How. Stat. § 7546, must govern. That section declares the general incompetency of the wife,. and contains an exception of cases where "the cause of action grows out of a personal wrong or injury done by one to the other." This provision is declaratory of the common law, and has its origin in the recognized necessity of protection to the injured spouse. Whart. Cr. Ev. § 393; *Lord Audley's Case*, 3 How. St. Tr. 402. The exception has also been applied in cases of abduction followed by marriage. *Wakefield's Case*, 2 Lewin, Crown Cas. 279; *Reg.* v. *Yore*, 1 Jebb & S. 563. But we know of no case which extends the exception to the general rule further. The marriage in this case was not induced by the wrong of which the witness was permitted to give testimony, and we think the case does not fall within the spirit of the exception to the general rule. The wife was not a competent witness.

The conviction will be set aside, and a new trial ordered.

The other Justices concurred.