STATE v. GEORGE M. FREY.

June 9, 1899.

Nos. 11,716—(222).

#### Wife as Witness against Husband—Crime before Marriage.

G. S. 1894, § 5662, to the effect that a husband cannot be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent, but this prohibition does not apply to a criminal proceeding for a crime committed by one against the other, construed, and *held*, that a wife is not a competent witness for the state in a prosecution against her husband for a crime against her committed before their marriage.

Defendant was indicted in the district court for Hennepin county of the crime of carnally knowing and abusing a female child under the age of 16 years. On the trial before Lancaster, J., then a judge of said court, and a jury, the state produced the prosecutrix as a witness and desired to prove its case by her. To this defendant objected on the ground that she was at that time his wife, and offered to introduce evidence showing that fact. The court, assuming the marriage to have been proved, denied the motion of defendant to exclude her testimony, and permitted her to testify. The jury rendered a verdict of guilty. A motion for a new trial was made before Simpson, J., who denied the motion, and certified the case to the supreme court for its determination of the question, among others, whether the court erred in admitting the testimony of the prosecutrix. Reversed.

*W. B. Douglas,* Attorney General, and *C. W. Somerby,* Assistant Attorney General, for the State.

*Mark L. Dougherty,* for defendant.

START, C. J.

The defendant was indicted and placed upon trial on the charge of carnally knowing a female child under the age of 16 years. The state called the prosecutrix as a witness against the defendant, and proposed to prove the commission of the crime by her. Thereupon the defendant objected to her proposed testimony, on the ground that she was his wife, and in support of his objection duly offered to prove by competent evidence that since the commission of the alleged offense he and the prosecutrix were duly and in all respects lawfully married. The trial court ruled that for the purposes of the trial the marriage of the parties would be assumed, that the offer be taken as proved, and that the prosecutrix was a competent witness against the defendant, even if she were then his wife. The defendant's objection was accordingly overruled, and the witness gave testimony tending to establish the defendant's guilt. She was, at the time the act was committed, between 14 and 15 years of age, but more than 15 years old at the time of the marriage. The defendant was found guilty. The court denied his motion for a new trial, and at his request, with the consent of the state, certified

to this court the question of the competency of the prosecutrix as such witness, with other questions.

An answer to the question involves a construction of G. S. 1894, § 5662, which, so far as here material, is this:

"A husband cannot be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; * * * but this exception does not apply to * * * a criminal action or proceeding for a crime committed by one against the other."

The proposition that a guilty man may defeat the ends of justice by marrying, after the act, the principal witness for the state, seems at first blush to be contrary to the dictates of common sense and common justice; but, when the origin and purpose of the statute are considered, it will be found that the statute rests upon considerations of sound public policy, which were recognized and enforced at common law, and, further, that the statute does not admit of any reasonable construction which does not render the wife incompetent as a witness against her husband when charged with an offense against her before the marriage. The common-law rule was that husband or wife could not testify for or against each other in any legal proceeding to which the other was a party. The rule rests on principles of public policy, which require that confidence between husband and wife should be conserved to the fullest extent, and it is enforced without reference to when the marriage relation began. This general rule of the common law was subject to the exception that, in all cases of personal injuries committed by the husband or wife against the other, the injured party was a competent witness against the other. The exception was allowed from necessity, for the protection of the parties, especially the wife, in the marriage relation, and partly for the sake of public justice. 1 Greenleaf, Ev. §§ 334, 336, 343; Wharton, Ev. § 393. Our statute, as to the exception here in question, does not introduce a new rule, or extend an old one. It simply enacts the common law. State v. Armstrong, 4 Minn. 251 (335).

Read in the light of its origin and purpose, the meaning of the statute is clear. It prohibits, on grounds of public policy, in general terms, the examination of one spouse as a witness against the

other without his or her consent; but, for the protection of the one against the criminal acts of the other, the statute further provides that the prohibition shall not apply to a criminal action or proceeding for a crime committed by one spouse against the other. The statute deals with the parties in the marriage relation, and not as to acts committed before the marriage. It is competent for the legislature to do so, but it has not seen fit to extend the exception to the prohibition to acts committed by one spouse against the other before the marriage.

It is, however, suggested on the part of the state that the defendant's crime was one against his wife. How could it be? He had no wife when the act was committed. The case of State v. Evans, 138 Mo. 116, 39 S. W. 462, was in its facts similar to the one at bar, and involved the construction of a like statute. In that case the defendant was indicted for rape on a girl under the age of 14 years, —the age of consent,—and after the act he married the prosecutrix; but, over his objection as to her competency, she was examined as a witness against him on his trial. The supreme court of Missouri held that the exception to the statute only admitted a wife to testify concerning injuries to herself as a wife, and not to a woman who at the time of the injury was not the wife of the defendant. In People v. Schoonmaker, 117 Mich. 190, 75 N. W. 439, it was held that a statutory exception to the general rule of exclusion of the wife as a witness against her husband, substantially like the one we are considering, could not be extended, so as to make the wife a competent witness for the state on the trial of her husband for a crime alleged to have been committed against her before their marriage. The case of Miller v. State, 37 Tex. Cr. 575, 40 S. W. 313, holds, construing a similar exception to the general rule, that the wife is not a competent witness against her husband on his trial for an abortion upon her before their marriage. All of the cases cited by the state in support of its contention are cases, save one, where the offense charged against the husband was committed against the wife during the marriage relation. The exception is the case of Com. v. Kreuger, 17 Pa. Co. Ct. 181. We know of no case in a court of last resort which supports the contention of the state.

76 M.—34

Our conclusion is that, under the provisions of G. S. 1894, § 5662, a wife is not a competent witness against her husband in a prosecution against him for a crime committed against her before they were married. Whether the claims of public justice in such a case are superior to the considerations of public policy upon which the prohibition rests is a debatable question, the solution of which belongs exclusively to the legislature. We cannot amend the statute by judicial construction, even to prevent what seems to be a flagrant miscarriage of justice.

It is urged by the attorney general that the evidence shows that there was in fact no marriage between the parties in this case; that the form of a marriage ceremony was had, without any intention on the part of either party of assuming in fact the marriage relation; and, further, that the formal marriage was a fraudulent scheme on the part of the defendant to thwart the administration of justice. The difficulty with this claim is that no such issue was presented to or passed on by the trial court or jury, and no such question has been certified to this court for its decision. The trial of the defendant proceeded throughout on the assumption that a valid marriage of the witness and the defendant had been proved. It follows that, for the error in admitting his wife's testimony, the defendant is entitled to a new trial.

It is proper, with reference to such trial, to pass upon the defendant's claim that the term "female child," as used in the statute providing for the punishment of the carnal knowledge of children (G. S. 1894, § 6524), must be limited to those who have not reached the age of puberty. This statute was intended simply to raise the age of consent, and whoever carnally knows or abuses a child or girl under the age of 16 years, whether large or small, with or without her consent, is guilty of a felony, and punishable as provided by the statute.

Order reversed, and a new trial granted.