STATE OF IOWA, Appellee, v. C. B. McKAY, Appellant.

Marriage: A marriage, the ceremony of which is performed by a mayor outside the limits of his incorporated town, is valid.

Rape: COMPETENCY OF WIFE AS A WITNESS. A wife is an incompetent witness, under Code, section 4606, in a prosecution against her husband for rape committed upon her prior to the time of their marriage.

*Appeal from Monona District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, FEBRUARY 9, 1904.

DEFENDANT was accused of the crime of rape. Upon a trial to a jury, he was convicted of the crime charged, and, from the judgment and sentence imposed, appeals.— *Reversed.*

*George W. Argo* for appellant.

*Chas. W. Mullan,* Attorney General and *Lawrence De Graff,* Assistant Attorney General for the State.

DEEMER, C. J.—The indictment charges that defendant did upon Ida Kraft, a female child under the age of fifteen years, make an assault, and then and there carnally knew and abused her, contrary to the statutes, etc. Evidence was introduced by the state tending to prove these allegations, and, among other witnesses, it called Ida McKay, the wife of the defendant, who, it appears, was the person upon whom the alleged assault was made. At the time the rape is said to have been committed, she was not defendant's wife, but was married to him on October 24, 1902, by the mayor of the town of Mapleton. Defendant objected to the competency of the witness, but his objection was overruled, and she proceeded to give in detail all the circumstances of the alleged assault upon her.

Code, section 4606, reads as follows: "Neither the husband or wife shall in any case be a witness against the other, except in a criminal prosecution for a crime committed one against the other, or in a civil action, or proceeding one against the other or in a civil action by one against a third party for alienating the affections of the other; but in all civil cases and in criminal cases they may be witnesses for each other." The state contends that this section does not apply, for the reason, first, that there is no showing that Ida Kraft and the defendant were legally married at the time she was called as a witness; and, second, for the reason the facts in this case bring it in within the exceptions pointed out in the act in question, in that the crime of the husband was against the wife.

As to the first question, reliance is placed upon the fact that the mayor performed the ceremony outside of his jurisdiction; that is to say, without the limits of the incorporated town of Mapleton. There is nothing in this point. Ceremonial marriages are not required in this state. The marriage between these parties was valid, although the mayor may not have been authorized to perform the ceremony outside the limits of his jurisdiction. That all parties may have been subject to a penalty for not complying with the statute does not affect the validity of the marriage. While there may not have been a proper ceremonial marriage, yet section 3147 of the Code expressly provides that marriages solemnized with the consent of the parties in any other manner than prescribed by the Code for ceremonial marriages are valid. This means something more than a common-law marriage, or marriage by co-habitation and repute. Such a marriage as was here shown need not be followed by co-habitation, to make it valid and binding. *In re Hulett's Estate,* 67 Minn. 475 (69 N. W. Rep. 31, 34 L. R. A. 384, 61 Am. St. Rep. 419).

1. MARRIAGE:

There is no doubt that the witness was defendant's wife when she was called to give testimony against him, and that she was incompetent, under the statute quoted, unless it be found that this is a criminal prosecution for a crime committed by one against the other. This exception, taken from the statute, of course, means a crime of the husband against the wife, or the wife against the husband, while they occupy that relation. There cannot be a crime one against the other unless the relation exists. In other words, a crime committed against one who is not at the time the spouse of the other is not a crime of husband against the wife, or of wife against the husband. This is so plain that no amount of reasoning can make it any clearer. When the crime charged in this case was committed, Ida Kraft was not defendant's wife, but when she was called as a witness she was. By reason of her then relation she could not be a witness against her husband, except in a criminal

2. RAPE: competency of wife as a witness.

prosecution for a crime committed by her husband against her—his wife—as such.

Moreover, the alleged offense, in so far as the wife is concerned, was condoned by her subsequent marriage to the offender. Doubtless this condonation should not be held a bar to a criminal prosecution, notwithstanding the marriage; but the offense, whatever it was, was so far condoned by the woman upon whom it was committed that it cannot be said it was a crime committed one against the other, and therefore within the spirit, if not within the letter, of the statute. But we need not pursue this thought further, for it is clear that the facts do not bring the case within the exception named in the statute.

Our conclusions find support in the following among other cases: *People v. Curiale,* 137 Cal. 534 (70 Pac. Rep. 468, 59 L. R. A. 588); *State v. Evans,* 138 Mo. 116 (39 S. W. Rep. 462, 60 Am. St. Rep. 549); *State v. Frey,* 76 Minn. 526 (79 N. W. Rep. 518, 77 Am. St. Rep. 660); *Miller v. State,* 37 Tex. Cr. R. 576 (40 S. W. Rep. 313); *People v. Schoonmaker,* 117 Mich. 191 (75 N. W. Rep. 429, 72 Am. St. Rep. 560); *People v. Vann,* 129 Cal. 118 (61 Pac. Rep. 776).

For the error in allowing the wife to testify, the judgment must be, and it is, REVERSED.