## WILSON *v.* STATE.

### Opinion delivered September 25, 1916.

EVIDENCE—CRIMINAL PROSECUTION—WIFE AS WITNESS AGAINST HUSBAND.—Appellant was indicted for the crime of carnally knowing one T., a female under sixteen years of age. After the act, and before the trial, T. voluntarily married the appellant. *Held*, thereafter T. was incompetent to testify against appellant concerning the acts charged in the indictment.

Appeal from Miller Circuit Court; *George R. Haynie*, Judge; reversed.

*M. E. Sanderson*, for appellant.

The prosecuting witness being the wife of the defendant was incompetent to testify for or against him. Kirby's Dig., § 3095. She does not come within the exception provided by the statute. Kirby's Dig., § 3092. 148 S. W. 328; 71 S. W. 20; 75 S. W. 497; 126 S. W. 591; 79 N. W. 518; 98 N. W. 510; 37 So. 156; 43 S. E. 720; 4 Utah 499; 137 Cal. 534; 59 L. R. A. 588.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

The Attorney General confesses error on the ground that a crime committed against one who is not at the time the spouse of the other, is not a crime against the husband or the wife. In this case there was no crime against the wife of the appellant, and she having subsequently married the appellant, was incompetent to testify. 209 Fed. 993; 146 Pac. 903; 98 N. W. 510; 98 Pac. 682; 39 S. W. 462; 79 N. W. 518; 40 S. W. 313; 45 L. R. A. (N. S.) 399; 94 Mass. 107; 70 Pac. 468; 129 Cal. 118; 122 Ia. 658; 92 Pac. 904; 4 Utah, 499; 37 So. 156; 43 S. E. 720; 130 N. C. 726; Wigmore on Evidence, § 2227; Jones on Evidence, § 734; Greenleaf on Evidence, § 336.

HART, J. Lawrence Wilson was indicted for the crime of carnal abuse, charged to have been committed by carnally knowing Emma Turner, a female under sixteen years of age. He was tried before a jury which returned a verdict of guilty and assessed his punishment at one year in the State penitentiary. The case is here on appeal.

It is conceded by counsel for the defendant that the testimony adduced in behalf of the State, if competent, is legally sufficient to support the verdict. Hence it is not necessary to abstract the testimony. The State relied on the evidence of Emma Turner to convict the defendant. After the indictment was found and before the trial commenced, Emma Turner married the defendant. She was permitted to testify over the objections of the defendant and the action of the court in this

regard is the only assignment of error upon which a reversal of the judgment of conviction is asked. The Attorney General confesses error. The correctness of the ruling of the trial court depends upon the construction of section 3092 of Kirby's Digest, which reads as follows:

"In any criminal prosecution a husband and wife may testify against each other in all cases in which an injury has been done by either against the person or property of either."

The common law upon considerations of public policy and to preserve the harmony of the marriage relation, prohibits the husband and wife from testifying for or against each other in criminal cases. Section 3092 of Kirby's Digest makes the statutory exception to the rule of the exclusion of the husband or wife as a witness against each other while the marriage relation exists. The exception mentioned in the statute means an injury against the person or property of the husband or wife while they occupy that relation. In other words, an injury done by either against the person or property of either committed against one who is not at the time the spouse of the other, does not come within the exception provided for in the statute. Decisions so construing acts similar in terms to the one in question have been cited by both the Attorney General and by the counsel for the defendant. The rule is so nearly universal in its application that we need cite only a few of the cases. In none of the cases cited do we find any warrant for the conclusion that the wife would be competent as a witness against the husband upon his trial for an offense consisting of an injury to her unless the act occurred during the existence of the marriage relation, or was brought within it by force exerted by him, beginning before and continuing into and beyond the beginning of that relation. *Norman* v. *State* (Tenn.) 45 L. R. A. (N. S.) 399; *State* v. *McKay* (Iowa) 98 N. W. 510; *State* v. *Evans*, (Mo.) 39 S. W. 462; *State* v. *Frey*, (Minn.) 79 N. W. 518; *Miller* v. *State*, (Tex.) 40 S. W. 313; *People* v. *Vann*, (Cal.) 61 Pac. 776; Greenleaf on Evidence, 16th ed. Section 336.

In the instant case Emma Turner, the injured person, voluntarily married the defendant after the commission of the offense upon her person. She was not, therefore, a competent witness against her husband and the court erred in admitting her testimony before the jury. For that error the judgment will be reversed and the cause remanded for a new trial.