**THE PEOPLE, Plaintiff**

v.

**RICHARD DEMMING, Defendant**

January Term, 1927

No. 39

District Court of the Virgin Islands

Fredericksted Sub-Judicial District
St. Croix

April 8, 1927

**WILLIAMS,** *Judge*

The said Richard Demming has been charged with assault with intent to kill Vivian Mole. Subsequent to the assault and the filing of the information in this case, to wit: on the 5th day of April, 1927, the accused and the said Vivian Mole were married, and hence are now man and wife. In this state of facts the Government has called Vivian Demming, formerly Mole, to testify, and thinks that she may be compelled to testify under the provisions of section 12, chapter 14, Title V, page 365, of the Code (1921; 5 V.I.C. § 3501 note), which is as follows:

"In all criminal actions where the husband is the party accused the wife shall be a competent witness and when the wife is the party accused the husband shall be a competent witness; but neither husband nor wife, in such cases shall be compelled or

allowed to testify in such case unless by consent of both of them; Provided, That in all cases of personal violence upon either by the other, the injured party, husband or wife, shall be allowed to testify against the other."

The defendant objected to the wife being called to testify even as to the act which took place before her marriage. Furthermore, upon being called, the wife stated that she did not wish to testify. It seems to me that she may not be compelled to testify for two reasons: First, Because her testimony depends upon her volition; and, Secondly, Because she is the wife of the accused and is called upon to testify to an assault with intent to kill Vivian Mole, who is not the wife of the accused at the time of the said assault.

I will take up these points seriatim:

The first clause of section 12 (supra), above quoted, declares both the husband and wife to be competent witnesses where either is the party accused, but the second clause declares that "in such cases" neither the husband nor the wife "shall be compelled or allowed to testify unless by consent of both of them," with the proviso attached that in all cases of personal violence upon either by the other, the injured party shall be allowed to testify against the other. It will be noted that in the second clause it is declared that neither party shall be compelled or allowed to testify except with the consent of both, but that if the violence is against one of the parties by the other, the injured party shall be allowed to testify against the other. It would seem that from the discriminating use of words — the words "compelled" and "allowed" — the injured party is given the privilege of testifying, but cannot be compelled to do so. The declaration in the first part of the second clause is only relaxed to the point of merely allowing the injured party to testify, and does not seem to authorize compulsion on

the part of The People. It seems to me beyond doubt, that the matter is prerogative with her, and against her option, there is no comment to be made either way. She may exercise it or not as she sees fit.

■ ■ Now, as to the second point, there is abundance of authority for the view, as above expressed. In 28 R.C.L. § 71, under the title "Witnesses," it is said:

"The competency of one spouse as a witness depends on the existence of that relationship at the time of the trial when he or she is offered as witness, and not as to whether that relation existed at the time the cause of action accrued or the occurrence transpired, about which he or she is expected to testify. Accordingly, a husband or wife is not rendered competent to testify for or against the other by the fact that the proposed testimony related to matters which came to the knowledge of the witness prior to the marriage. It is of no consequence that the marriage was contracted immediately before the cause is brought to trial and apparently for the sole purpose of rendering the proposed witness competent. Furthermore, this is the rule even though the matter concerning which testimony is sought constitutes a crime against the person of the wife. And even in such a case it is immaterial that the marriage was entered into for the express purpose of sealing the mouth of the wife. And the rule is the same under the common law and under statutes declaratory thereof prohibiting one spouse from testifying for or against the other, with the exception that the wife may testify as to crimes committed against her person by her husband."

There are numerous cases to be found to support the statements in the above text. In Norman v. State, 45 L.R.A. (n.s.) page 402 (Tenn.), the Court stated the question there involved, to wit: "But does the case at bar fall within that principle? Here the wife was offered as a witness against the husband to make proof of an offense committed by him, not upon her as his wife, but at a time before she became his wife; and the important question here arising is: Can such a case be said to fall within any exception known to the common law?".

The Court then made the following comment: "If the wife in this case be held a competent witness to testify to a crime committed upon her body by Norman before he became her husband, it is difficult to see by what process of reasoning the wife could be rejected as a witness in a case where, before her marriage, she should see her husband commit a crime upon the body of a third person; and to hold her a competent witness in the latter case works a destruction of the general rule of incompetency which has come down to us from the common law in an unbroken line of decisions.

"It is not for this court to declare a new public policy for this state on this subject. The failure of the legislature to include criminal actions in the act of 1879 is, in effect, a declaration by the legislative department of the state that the general rule of incompetency as fixed by the common law should remain the rule or public policy in this state so far as the competency of husband and wife as witnesses for and against each other in criminal cases is concerned; and by that declaration this court is bound.

"There is no case in this state to which we may refer as supporting our view on this question. We have been referred to five cases, however, decided by courts of last resort in other states, which we think support our view: People v. Curiale, 137 Cal. 534, 59 L.R.A. 588, 70 Pac. 468.

"In that case it appears that a statute of California provided that neither husband nor wife should be a competent witness for or against the other in any criminal action, except 'in cases of criminal violence upon one by the other.'

"The Court held that, as the crime charged was not an act or crime committed by defendant upon his wife, but was an act committed upon the person of a woman

before she became his wife, she, after becoming his wife, was not a competent witness against him. The defendant in that case was indicted for rape, in that he had carnal knowledge of a girl who was only sixteen years old, and who afterwards became his wife, and was offered as a witness against him on the trial.

"State v. McKay, 122 Iowa 658, 98 N.W. 510. In that case the Iowa statute under which that case was decided provides that 'neither the husband nor the wife shall, in any case, be a witness against the other, except in a criminal prosecution for a crime committed one against the other, or' (and then follow certain exceptions in civil cases). The Iowa court held that the statute contemplated a crime committed by one spouse against the other 'while they occupy that relation' and, therefore, under the general prohibition of the statute, the wife was not competent as a witness against the husband, where the crime was committed before the marriage.

"State v. Frey, 76 Minn. 527, 77 Am. St. Rep. 660, 79 N.W. 518. In that case the statute was substantially the same as the Iowa statute involved in State v. McKay, supra; and the Minnesota court held substantially as did the Iowa court, saying: 'The statute deals with the parties in the marriage relation, and not as to acts committed before the marriage.' And further: 'The proposition that a guilty man may defeat the ends of justice by marrying after the act the principal witness for the state seems at first blush to be contrary to the dictates of common sense and common justice . . . Whether the claims of public justice in such a case are superior to the considerations of public policy upon which the prohibition rests is a debatable question, the solution of which belongs exclusively to the legislature.'

"To the same effect, in substance, as the cases above mentioned, are People v. Schoonmaker, 117 Mich. 191,

72 Am. St. Rep. 560, 75 N.W. 439, and State v. Evans, 138 Mo. 116, 60 Am. St. Rep. 549, 39 S.W. 462. See also Moore v. State, 67 L.R.A. 499, and the notes thereon.

"Upon the question of the rule and its exceptions at common law, the authorities cited in the note to Moore v. State, supra, are Audley's Case, 3 How. St. Tr. 414; 1 Bl. Com. 443 and 208; Wakefield's Case, 2 Lewin C.C. 1, 279; Rex v. Yore, 1 Jebb & S. 563; Brown's Case, 1 Vent. 243; Fulwood's Case, Cro. Car. 482; Rex v. Locker, 5 Esp. 107; Rex v. Serjeant, Ryan & M. 352; Rex v. Perry, 1 Hawk. P.C. chap. 41; Haagan Swendsen's Case, 5 St. Tr. 456; Pedley v. Wellesley, 3 Car. & P. 558.

"From these authorities as digested in the note are deducible the conclusions reached by Mr. Greenleaf already quoted."

In the case of The People v. Curiale (supra), a statute was considered that is on all fours in principle, if not verbatim, with said section 12 (supra), same being as follows:

"Except with the consent of both, or in cases of criminal violence upon one by the other, neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties."

In construing said statute the Court said: "The defendant was a party, and his wife was called and testified against him without his consent. The crime charged was not an act or crime committed by defendant upon his wife. The crime charged was upon the person of Isabella Petrucelli, and committed before she became the wife of defendant. 'Criminal violence upon one by the other' means what it says — criminal violence upon the wife by the husband, or criminal violence upon the husband by the wife. The statute is founded upon public policy. It prohibits, in general terms, the examination of one spouse against the other, without his or her consent.

For the purpose of protecting one against the criminal violence of the other the statute provides further that the prohibition shall not apply to cases of criminal violence by one upon the other; that is, by one spouse upon the other spouse. The exception does not extend to acts committed before the marriage. This has been the uniform interpretation of similar statutes in other states, so far as we are advised. In State v. Evans, 138 Mo. 116, 39 S.W. 462, 60 Am. St. Rep. 549, the defendant was charged with rape upon a female child of the age of 13 years. Defendant and the girl were afterwards, and before the finding of the indictment, lawfully married. The court held that the wife was not a competent witness as to the act that took place before the marriage. In the opinion it is said: It is urged by the attorney general that this case falls within the exceptions to the general rule; that it is a criminal injury to the wife. This contention ignores the limitations of the exception itself. Ex vi termini, a wife is only admitted to testify concerning criminal injuries to herself, a wife; not to a woman who was not, at the time of the injury, the wife of the defendant. Minnesota has a statute similar to ours, which provides: A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent . . . but this exception does not apply to . . . a criminal action or proceeding for a crime committed by one against the other. Gen. St. 1894, Sec. 5662. In State v. Frey, 76 Minn. 527, 79 N.W. 518, 77 Am. St. Rep. 660, it was held, upon an indictment for rape by the husband upon the wife prior to marriage, and when she was of the age of 14 years, that she was incompetent to testify. It was said in the opinion: The statute deals with the parties in the marriage relation, and not as to acts committed before the marriage. In Texas the statute is similar to

ours, and the exception is — except in a criminal prosecution for an offense committed by one against the other. Code Cr. Proc. 1895, art. 775. It was held that the wife, under the above statute, could not be permitted to testify to an abortion produced by the husband upon her prior to her marriage. Miller v. State, 37 Tex. Cr. R. 576, 40 S.W. 313. In People vs. Schoonmaker, 117 Mich. 191, 75 N.W. 439, 72 Am. St. Rep. 560, the defendant was prosecuted for rape alleged to have been committed by having intercourse with his wife before marriage, and while she was under age of consent. The court held the evidence of the wife incompetent, and reversed the case. And the rule here stated, and adopted in the cases cited, is in accord with the common law."

Many cases other than those already quoted from, and cited in the quotations, may be adduced to sustain the above view. In fact, I have found no case dissenting from that view.

The said section 12 is taken verbatim from the Alaskan Code (CLA 1913), and is there section 2259 (ACLA 1949, § 66-13-58). Under that section is cited the cases: State v. McGrath, 57 Pac. 321; State v. Hatcher, 44 Pac. 584; State v. Luper, 91 Pac. 444; and all these cases place the same construction on that section as is here made.

In State v. Luper, supra, it is said that — "It is a rule of law founded upon public policy the object of which is to secure domestic happiness and tranquility, and that 'all confidential communications between husband and wife, and whatever comes to the knowledge of either by reason of the hallowed confidence which that relation inspires, cannot be afterwards divulged by testimony' (Greenleaf L. Ed. Sec. 337) even after the marriage is dissolved by death or divorce."

Therefore, it must be held that the wife not only may not be compelled to testify in this case, and in cases

involving facts of the character here involved, but may not even be allowed to testify, because the alleged violence was not used upon the wife Vivian Demming, but upon Vivian Mole, who was not the wife of Richard Demming.

■ During the same trial witnesses were called whose names did not appear upon the information, and the Defendant objected to the call on the ground that the names of the witnesses who are to testify should be endorsed on the information. While our local Code was taken in large part from the Alaskan Code, the section dealing with this point was not adopted verbatim. Section 2191 of the Alaskan Code (CLA 1913; ACLA 1949, § 66-11-1), amongst other things, provides:

"That the indictment must be set aside by the court, upon the motion of the defendant, in either of the following cases . . . When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or endorsed thereon."

While subsection 2 of section 1, chapter 7, Title V, of our Code (1921; 5 V.I.C. § 3501 note), provides, that —

"That the information must be set aside by the court upon motion of the defendant in either of the following cases:
"First . . ..
"Second: When the name of the complaining witnesses, if there be any, or, if there be no such witnesses, a statement of such fact, is not endorsed on the information."

It will be noted that the distinction between these two provisions is to be found in the fact that all the witnesses appearing before the grand jury must be endorsed on the indictment, but under our Code only the names of the complaining witnesses are to be endorsed on the information.

It appears that the witnesses called were not the complaining witnesses, and, hence are not within the provi-

sions of said section 1 (supra). Therefore, the witnesses were competent to testify.