## Staunton

GEORGE CALVIN STEVENS v. COMMONWEALTH OF VIRGINIA.

September 9, 1966.

Record No. 6311.

Present, All the Justices.

*Dennis F. McMurran (Moody, Mattox, Young and West,* on brief), for the plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

An indictment was returned in the Court of Hustings against George Calvin Stevens, defendant, charging him with maliciously wounding Alease [Elise] Hicks with intent to maim, etc. Code, § 18.1-65. He entered a plea of not guilty and after consulting with his court-appointed attorney, he waived trial by jury and was tried by the court. Virginia Const., § 8. After hearing the evidence the court found him guilty and sentenced him to three years in the penitentiary. We granted him a writ of error.

Defendant contends, among other questions presented, that his conviction was contrary to the evidence. The evidence for the Commonwealth (defendant offered none) was to the following effect:

On February 6, 1965, the police department received a call to come to No. 1208 Fayette street, in Portsmouth, which was the home of a Mr. Stevens (not the defendant). There the police officers found Elise Hicks lying unconscious on the floor of the kitchen. There was a quantity of blood on her and on her clothing as well as on the kitchen floor, and she had numerous cuts on her head and face. She was taken to a hospital where thirty-five to forty stitches were required to close her wounds.

Later the officers went to house No. 1206, next door to the house where Miss Hicks was found, and being the house in which both the defendant and Miss Hicks were living. There they found broken furniture in the rooms and blood all over the kitchen. One of the officers said it looked like there had been a fight in every room in the house.

The officers tried to find the defendant that night but were unable to locate him. He was arrested in the early morning of February 8. He was then taken to police headquarters where he stated that he was in bed and Elise Hicks came in drunk and "started picking at him with a knife" and he got up and started defending himself.

Elise Hicks, who before the trial had married the defendant, was called as a witness for the Commonwealth and testified, over defendant's objection, that on the day involved she was struck on the head, she did not know with what or how many times, and her head was cut; that she was taken to a hospital where she received treatment. She was asked who hit her and replied that there were two of them in the house and the defendant was the other one and they were arguing; but, she said, she did not know what he hit her with and all she knew was that she was hit on the head. She was an unwilling witness and stated that she did not want any charge brought against the defendant.

The evidence was sufficient to support the court's finding that the defendant was guilty of the charge made in the indictment.

■ There is no merit in the defendant's contention that the statement made by the defendant to one of the officers, that Elise started picking at him with a knife and he started defending himself, was inadmissible because not corroborated. Corroboration was not necessary to make the statement admissible. *Reid* v. *Commonwealth*, 206 Va. 464, 468, 144 S.E.2d 310, 313.

■ There was error, however, in requiring Elise Hicks (Stevens) to testify against the defendant, who was then her husband. When she was called by the Commonwealth to testify, defendant promptly objected on the ground that she was defendant's wife. The date of the alleged offense was February 6, 1965. It was shown that thereafter, on June 5, 1965, she and the defendant were married and she was his wife at the time of the trial on June 23, 1965. The objection was overruled and she was required to testify, the court taking the view that the statutory exception was applicable.

The statute, Code § 8-288, 1964 Cum. Supp., provides, so far as here relevant, that in criminal cases neither husband nor wife "shall be compelled, nor, without the consent of the other, allowed to be called as a witness against the other, except in the case of a prosecution for an offense committed by one against the other * *."

In an Annotation in 76 A.L.R. at page 1088, following the case of *State* v. *Volpe* at page 1083, reported in 113 Conn. 288, 155 A. 223, it is said:

"The decisions have, almost without exception, supported the rule that, unless authorized by statute, neither spouse may testify for or against the other in the prosecution of either for an offense

committed before marriage." The statement is supported by many cited cases.

In the *Volpe* case the Connecticut statute provided that a wife "when she shall have received personal violence from her husband" could be compelled to testify as any other witness. The court said:

"* * It is difficult to see how personal violence received by a woman before marriage from a man whom she afterwards marries can be said to be 'personal violence from her husband;' because, at the time the violence was received, he was not her husband. We think, therefore, * * that for violence received before marriage, she has the same privilege of refusing to testify against her husband as she would in regard to any other crime charged against him. This conclusion is supported by the overwhelming weight of authority. * *" 76 A.L.R. at 1086.

In *State* v. *Frey*, 76 Minn. 526, 79 N.W. 518, the statute prohibited husband and wife from testifying for or against each other without consent, except in a criminal proceeding " 'for a crime committed by one against the other.' " The court held:

"* * The statute deals with the parties in the marriage relation, and not as to acts committed before the marriage. It is competent for the legislature to do so, but it has not seen fit to extend the exception to the prohibition to acts committed by one spouse against the other before the marriage.

"It is, however, suggested on the part of the state that the defendant's crime was one against his wife. How could it be? He had no wife when the act was committed. * *" 79 N.W. at 519.

In *State* v. *McKay*, 122 Iowa 658, 98 N.W. 510, the Iowa statute provided that husband and wife should not testify against each other except in a criminal prosecution for a crime committed by one against the other. The court held that the exception "means a crime of the husband against the wife, or the wife against the husband, while they occupy that relation. There cannot be a crime one against the other unless the relation exists. In other words, a crime committed against one who is not at the time the spouse of the other is not a crime of husband against the wife, or of wife against the husband. This is so plain that no amount of reasoning can make it any clearer. * *"

See also *People* v. *Curiale*, 137 Cal. 534, 70 P. 468; Anno., 11

A.L.R.2d 646, 649; 97 C.J.S., Witnesses, § 101 a. at p. 504; 58 Am. Jur., Witnesses, § 183 at p. 129.

We hold that under the provisions of § 8-288 of the Code, Mrs. Stevens should not have been required to testify against her husband and it was error to compel her to do so.

The Commonwealth in its brief does not affirmatively controvert this construction of the statute, but assumes it to be correct and argues that the admission of the wife's testimony was harmless error.

We do not agree with that contention. The record shows that in response to the argument of the defendant's counsel that the defendant's statement to the officer was inadmissible, and that there was no evidence to connect the defendant with Elise Hicks, the court replied that she made the positive statement "that this man was there when she was struck and he was the only person in the house." At the conclusion of the testimony the court stated that he found the defendant guilty after "having considered all the evidence thoroughly."

We cannot say what effect the testimony of the wife had upon the finding of guilt or the punishment fixed for the offense. The defendant was entitled to have his case decided on admissible testimony. Testimony forbidden by the statute was admitted and we cannot say on the evidence in the record that this breach of the statute was harmless. We must reverse the case and remand it for a new trial.

*Reversed and remanded.*